UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

U.S. DIST...
NORTHERN...
FIL...
JUL - 8 2025
CLERK, U.S. ...
By_____ D...

RHONDA FLEMING

V.                                          NO.   4:25-cv-157-O

WARDEN T. RULE

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

The Plaintiff moves the Court to grant her a Temporary Restraining Order, to sequester all biological male inmates at FMC-Carswell, into one housing unit, and grant the Plaintiff community placement into a halfway house, until the litigation of this case has ended.  In support, the Plaintiff presents the following:

RELEVANT CASE BACKGROUND

The Court is very familiar with the Plaintiff and her cause to remove biological male inmates out of women's federal prison.  See, Fleming v. United States, No. 7:17-cv-009-O, (N.D. Tex.) and Fleming v. Strong, No. 4:21-cv-325-MW-MJF (N.D. Fla.).

For over a decade, the Plaintiff has been forced to shower and share other intimate facilities with male inmates, at times even being stripped searched with these biological male inmates.

As the Court is aware, many of these men in women's prisons are sex offenders.  Please google William McClain, a three-time convicted sex

offender of children and women, of whom Senator Ted Cruz noted in a Senate hearing, where he and other Republicans blocked the confirmation of a judge due to her ordering the FBOP to place this male inmate with the Plaintiff and other women, at FMC-Carswell.

Due to the Plaintiff's litigation, on two occasions President Trump has taken action on the issue of men in women's prisons. The most important action was the executive order for the removal of these men out of women's federal prisons, issued January 2025, after Judge Mark E. Walker ruled against the Plaintiff, in a bench trial. President Trump's advisors were watching the progression of the case. When the appropriate action was not taken, President Trump kept his campaign promise to "end transgender lunacy."

Unfortunately, the lunacy did not end. In Doe v. McHenry, No. 1:25-cv-286-RCL, (District of Columbia), a temporary restraining order was obtained, which lead to a preliminary injunction, overriding the President's executive order to remove men from women's prisons.

In twist of unbelievable simultaneous representation, the same law firm which represented the Plaintiff and other women, in California Coalition for Women Prisoners v. United States, No. 23-cv-4155-YGR (N.D. Cal.), Rosen, Bien, Galvan, & Grunfeld (RBGG), a lawsuit involving rampant sexual abuse of women, and retaliation against the Plaintiff and others for cooperating with the U.S. Attorney's Office, is now litigating to keep men in showers with the Plaintiff and other sexual abuse victims!

The Plaintiff is no lawyer. She has advocated for the protection of women in custody to not be sexually abused by male employees and/or male inmates. Yet, the Plaintiff is aware that RBGG is violating the Professional Rule of Conduct, 1.7, by litigating against the interests of the Plaintiff and other Class Members.

This is a Motion for a TRO, but the Court may, in its wisdom, recognize

2

that this lawsuit would not have been filed, if RBGG had not litigated to keep men in FMC-Carswell, with the Plaintiff and about 50 Class Members RBGG currently represent.    A referral to the California State Bar Association is warranted.

The entire law firm is engaged in keeping these sex offender male inmates at FMC-Carswell, causing the Plaintiff and other Class Members extreme distress.    The court-appointed Special Monitor, Ms. Wendy Still and her team, if called to testify, would state the Plaintiff and many other women expressed their disbelief that RBGG was advocating against their interests and were being stalked by these men, when naked in the showers and bathroom stalls.

This is no longer about Plaintiff Fleming raising this claim.    It has been raised as a matter of sexual abuse of women, by the Biden administration, a DEI policy, to benefit one group over the interests of another.

As for Defendant Warden Rule, he has been engaged in advocating to keep the male inmates at FMC-Carswell.    At one point, the FBOP was about to remove several of the male inmates who were not covered by the initial TRO/PI issued by Judge Lambreth.    Defendant Warden Rule called a special meeting with these male inmates, advising those not covered by the injunction to call RBGG, immediately.    Defendant Warden Rule instructed his staff to make legal calls for the male inmates, something not normally done for women inmates.    The normal process being that the attorney initiate contact with the prison to set up a legal call.

Defendant Warden Rule and his staff have acted to block all access to the administrative remedy process.    He has unlawfully utilized the disciplinary process to intimidate and retaliate against the Plaintiff for this lawsuit and her contact with The White House.    Defendant Warden Rule has been referred for investigation to the Office of Internal Affairs and Office of

3

No amount of money and/or later removal of the men can compensate the Plaintiff, of the irreparable harm she has continually suffered for over a decade.

The Court may have to think about what the litigation looked like in 2017, and how it is perceived in 2025. While the Court moved on, the Plaintiff had to watch the transgender policy expanded, causing women the denial of medical treatment, so men could have sex change surgeries and hair removal treatments. Then the same people who forced this immoral conduct on helpless women in prison, moved on to our children, to indoctrinate them into believing transgender lunacy.

This was always the plan, to normalize it. It is 100% an anti-American action against decent people.

So, yes, anyone living under such conditions for so many years, to the point of even going on a 40 day hunger strike to get away from these men, has suffered irreparable harm.

There is no harm to the Defendants. The Government, through the U.S. Attorney's Office, can no longer defend men being in women's prisons. And based on the fact the Plaintiff's years of litigation lead to the President putting a stop to the trangender policy, there is no harm to the defendants. In fact, the USAO should be unopposed to the relief the Plaintiff is requesting. The injunction the male inmates obtained may be found unlawful by the U.S. Supreme Court because none of these men are in a prison in the District of Columbia. This Court has jurisdiction over these male inmates.

Last, there is no disservice to the public. The President campaigned on putting a stop to men in women's prisons getting sex change surgeries and other trans-treatments, on the taxpayer's dime.

5

PRAYER FOR RELIEF

The Plaintiff moves the Court for the following relief:

1. All male inmates should be placed in one housing unit, until they are transferred to a men's prison;

2. The Plaintiff should be transferred to community placement, a halfway house, within the Northern or Southern District of Texas, until the resolution of these proceedings.

CONCLUSION

The Plaintiff prays the Court will grant this TRO, set an evidentiary hearing to allow testimony on this matter, with the intent, of granting a permanent injunction.

Respectfully Submitted,

Rhonda Fleming, Plaintiff
June 27, 2025
FMC-Carswell
PO Box 27137
Fort Worth Texas 76127

CERTIFICATE OF SERVICE

Service is performed by the electronic filing of this Motion by the U.S. Clerk.

Rhonda Fleming, Plaintiff



Rhonda Fleming 30446-009
Federal Medical Center Carswell
PO Box 27137
Fort Worth, TX 76127

AIR MAIL
AIR MAIL

United States District Court
Office of the Clerk
501 West 10th Street
Fort Worth, TX 76102

RECEIVED
JUL - 8 2025
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Legal Mail