TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: CRW-I-N

--------------------------------------------------------------------------------------------------

FROM: 20446009
TO:
SUBJECT: LETTER BRIEF FOR NO. 25-CV-157-O
DATE: 07/06/2025 07:49:13 PM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



RHONDA FLEMING

V.                                                          NO. 25-CV-157-O

WARDEN T. RULE

PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING

PLAINTIFF'S MOTION TO SUBPEONAE WITNESSES

The Plaintiff has filed a Motion for a Temporary Restraining Order. In further support of this motion, and in hopes of being granted a preliminary injunction, the Plaintiff moves for an evidentiary hearing, with witnesses such as the male inmates who allege they are women, as soon as is practicable. The Plaintiff presents the following in support:

THE EVOLUTION OF THE FEDERAL PRISON

The Plaintiff has been incarcerated for a long time. When she started her federal prison sentence, male officers conducted pat searches on the Plaintiff, a biological woman. Yes, that is correct. A male officers could feel the body of a woman prisoner, to search them for contraband.

A lot of bad things happened due to this policy. And there was no "me, too" movement to protect women in federal prisons. Women had to accept the sexual abuse that was allowed by the policies in place at that time. Many times, these searches occurred with the woman prisoner and male officer, in a secluded area. No camera were around.

The Plaintiff praises God for the federal court system which put a stop to this immoral, harmful, dangerous, and unnecessary policy. In Forde v. Baird, 720 F. Supp. 2d 170 (D. Conn. 2010), the FBOP policy of male officers being allowed to physically search women in prison was stopped. A woman of faith, not my faith, but of sincere faith, filed her civil complaint to stop what we all know today, is abhorrent to a decent woman: to be touched, intimately, by a man, who is a complete stranger.

Due to the litigation in Forde v. Baird, in 2012, the FBOP stopped male officers from physically searching the bodies of women prisoners. While this did not stop the sexual abuse, the incidents of improper touching was greatly reduced.

Still the Court may consider, for the first 5 years of the Plaintiff's incarceration, she suffered under this draconian, egregious sexual abuse. And, that is what it is, sexual abuse when a man can physically touch a woman's body, against her will.

Shortly after the pat searching policy was ending, the FBOP under Obama started bringing male inmates into women's federal prison. This was worst than the male officers pat searching women prisoners. And, it continues right now, as it did when the policy was implemented.

The only way the practice of allowing biological male inmates to scam the system will end, is by allowing the Department of Justice and the Plaintiff to enter into a consent decree, which would be binding and nearly impossible to override.

As we know, Presidential policies and executive orders change with elections. Therefore, it is the Plaintiff's goal to obtain a consent decree, as soon as is practicable, to end the daily sexual abuse she has been suffering for a decade.

TEXAS STATE SEX CRIME LAW IS BEING VIOLATED EVERYDAY AT FMC-CARSWELL

Texas Penal Code 21.17(a), Voyeurism, states "A person commits an offense if the person, with the intent to arouse or gratify the sexual desire of the actor, observes, including remotely through the use of electronic means, another person without the other person's consent while the other person is in a dwelling or structure in which the other person has a reasonable expectation of privacy."

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: CRW-I-N

--------------------------------------------------------------------------------------------------

The Plaintiff is a sex abuse victim of a crime everyday that she is held at FMC-Carswell. If granted a hearing, the Plaintiff would present numerous witnesses who would attest to the fact these male inmates openly watch women in the showers and toilet stalls. At night, these men are in the toilet area having sex with women inmates, which is the reason for them pretending to be women....to get into a women's prison.

The crimes of voyeurism and indecent exposure happen everyday at FMC-Carswell, due to the enforcement of the Biden transgender policy by Defendant Warden Rule. It is routinely brought to his attention that it is a Texas state crime to allow male inmates to watch women shower, use the toilet, be strip searched with men, and be locked in segregation cells with men

To be clear, the Federal Bureau of Prisons instituted a policy to place biological male inmates in women's prisons which violated state laws and historical norms of sex-segregated prisons.

At now time has Defendant Warden Rule acted to accommodate the Plaintiff and other women who did not want to be seen by men in the showers. Instead, he has made a joke of it and did all he could to maintain the presence of these men in a women's prisons, and been very disrespectful to President Trump's policy, stating, "I don't work for Trump!"

MALE INMATES TO SUBPOENA

Since this is a civil case, and their is no criminal liability on these male inmates, the Court has the authority to subpoena these men for several reasons.

First, the Court should have a face-to-face look at these hardened male, violent, sex offender criminals. The Plaintiff is not falsely accusing these men of being sexual offenders, Rafael Mercado-Berrios, Zach Lawrence, Sean O'Brien, and William McClain are all convicted of federal sex crimes against women and children. Add Walter Meacham, Gary Dean Boone and Peter Kevin Langan, two murderers and armed robber, respectively, and the Court can understand the importance of a consent decree to bar this dangerous, foolish, scam on the taxpayer.

We also have an illegal alien, Katy Bernal-Guzman, who assaulted two women in May 2025, pretending to be a woman.

Second, testimony by women who have been stalked in the showers and toilet stalls, and/or been denied entry into these areas due to these men being engaged in sex can be presented. Every male named in this Motion has been involved with women in the prisons. Officers will testify to catching these men in bed and/or showers with women, when they are not committing voyeurism and stalking in the showers.

Last, the Court should hear from the officers on the frontline having to deal with men in the women's prisons. Defendant Warden Rule has intimidated officers who do their job and write incident reports to stop this behavior. When the Plaintiff has reported male inmates watching her in the shower, the officers have told the Plaintiff their is nothing they can do to stop these men. The male officers feel angry and helpless. The women officers do not want to strip search a male inmate, being forced to be alone with a naked man.

Can the Court imagine how horrible this is for women prisoners and the decent officers?

CONCLUSION

The Plaintiff respectfully prays the Court will grant an evidentiary hearing and allow the subpoena of witnesses. If granted, the Plaintiff will present the Court with a list of women who are victims of these men watching them in the showers and toilets.

Respectfully Submitted,

Rhonda Fleming, Plaintiff
July 6, 2025
FMC-Carswell
Reg. No. 20446-009
PO Box 27137
Fort Worth, Texas 76127

CERTIFICATE OF SERVICE

2

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: CRW-I-N

--------------------------------------------------------------------------------------------------

Service is performed by the electronic filing of this document by the U.S. District Clerk.

Rhonda Fleming, Plaintiff

3