IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING, § | | |
| Institutional ID No. 20446-009 § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | | Civil Action No. 4:25-cv-157-O |
| § | | |
| WARDEN T. RULE, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## ORDER

In this prisoner civil-rights action, which is pending judicial screening under 28 U.S.C. § 1915A, pro-se plaintiff Rhonda Fleming complains about the alleged unlawful conditions of her confinement at FMC Carswell. *See* Am. Compl., ECF No. 17. Fleming's complaint stems from her allegations that she is forced to live in the same housing unit and use the same shower and restroom facilities with many sexually violent biological male inmates who claim to be transgender women, in contravention of a January 2025 executive order issued by President Trump. She argues that these living conditions threaten her physical safety and violate her right to bodily privacy and religious beliefs.

Fleming recently filed a motion seeking preliminary injunctive relief. *See* Mot., ECF No. 26. She also filed a motion asking the Court to set an evidentiary hearing on her motion and subpoena several FMC Carswell inmates to testify. *See* Mot., ECF No. 28. For the following reasons, the Court **DENIES** her motions without prejudice.

Federal Rule of Civil Procedure 65 governs the granting of preliminary injunctions and temporary restraining orders. *See* FED. R. CIV. P. 65. In her motion, Fleming asks the Court to order that (1) all biological male inmates at FMC Carswell be placed into one housing unit until they are transferred to a men's prison; and (2) temporarily release her to community supervision in a halfway house until this case is resolved. *See* Mot., ECF No. 26 at 5. Although Fleming

1

designates her motion as seeking a temporary restraining order (TRO), because the relief that she seeks, if granted, would exceed the 14-day limit of a TRO, her motion is, in effect, a motion for a preliminary injunction related to the substantive claims raised in her case. *See Dixon v. Vanderbilt*, 122 F.App'x 694, 695 (5th Cir. 2004) (per curiam) (citing *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 130 n.5 (5th Cir. 1990)); *see also* FED. R. CIV. P. 65(b)(2).

The Court may not issue a preliminary injunction unless the adverse party has prior notice. *See* FED. R. CIV. P. 65(a)(1). The notice requirement requires that the party against whom the injunctive relief is sought has the opportunity to be heard and present evidence in opposition. *See Harris Cnty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 325 (5th Cir. 1999) (citations omitted). Compliance with Rule 65(a)(1) is mandatory. *See Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir. 1992) (citing *Phillips*, 894 F.2d at 130)). "Because Rule 65(a)(1) does not define the amount or type of notice required, the sufficiency of written and actual notice is a matter for the trial court's discretion." *Document Operations, LLC v. AOS Legal Techs., Inc.*, No. 20-20388, 2021 WL 372933, at *2 (5th Cir. Aug. 23, 2021).

Fleming fails to show that Defendants received notice of her motion. Although Fleming states in her certificate of service that "[s]ervice is performed by the electronic filing of this Motion by the U.S. Clerk," the Court finds that her statement is insufficient to satisfy Rule 65(a)(1)'s notice requirement. First, it appears that Fleming has not served a summons and copy of her first amended complaint on Defendants because none of the defendants have filed an answer or otherwise made an appearance in this action. Until Defendants make an appearance in this action, they will not receive electronic notice from the Court of any pleadings that Fleming files in this case. Moreover, Fleming does not allege or show that Defendants waived service or that she took any action to either serve them with a copy of her motion or otherwise notify them in any way of its contents or the fact that she filed it here.

Under these circumstances, the Court concludes that Defendants have not received the requisite notice under Rule 65(a)(1). The Court therefore **DENIES** Fleming's motion for

preliminary injunctive relief without prejudice on procedural grounds only. *See* Mot., ECF No. 26. If she desires, Fleming may renew her motion after Defendants receive proper notice thereof. For the same reasons, Fleming's related motion asking the Court to subpoena witnesses and set an evidentiary hearing are **DENIED** without prejudice. *See* Mot., ECF No. 28.

At this juncture, the Court expresses no opinion on the substantive merits of Fleming's claims or request for preliminary injunctive relief. The Court recently received Plaintiff's answers to its screening questionnaire on July 14. *See* Answers, ECF No. 27. The Court is reviewing her answers and will issue an order addressing the plausibility of her claims in due course.

In response to Fleming's recent letter (ECF No. 30), the Court **DIRECTS** the clerk of Court to mail Fleming a courtesy copy of the docket sheet with this order.

**SO ORDERED** this **18th day** of **July, 2025.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**