UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

RHONDA FLEMING

V.                              NO. 25-cv-157-O

WARDEN T. RULE

PLAINTIFF'S MOTION TO FILE QUESTIONNAIRE THIRD TIME

PLAINTIFF'S MOTION TO HOLD THE CASE IN ABEYANCE FOR 30 DAYS

The Plaintiff has sent the attached Questionnaire by mail on two prior occasions. This will be the third time and the Plaintiff is sending it by certified mail, return receipt requested.

The Plaintiff is in the custody of the Defendants she is suing. They are out of the will of God and are disrespecting President Trump's Executive Order to remove male inmates from women's federal prisons.

The Plaintiff has lost her release date under the CARES Act, which would have placed her on home confinement, in May 2023. Due to her litigation, a trick was played, and the Plaintiff did not go to home confinement.

That was their big mistake. Shortly thereafter, the entire FCI-Dublin prison was closed. The Plaintiff does not take credit for it. All credit goes to God.

If the Questionnaire has been received by the time the Court receives this Motion, please disregard this copy.

MOTION TO HOLD CASE IN ABEYANCE FOR 30 DAYS

A prominent law firm is considering whether it will represent me pro bono. The firm has asked me not to use their name. They need time to "gather facts, conduct legal research, and consider...other commitments."

The Plaintiff has a pending request for a temporary restraining order. The Plaintiff and the Court would be better served by holding the case in abeyance for at least 30 days, unless the Court would be inclined to grant the TRO, and then place the case in abeyance.

To be clear, this case is not primarily about Rhonda Fleming. It never

was. The Plaintiff's concerns are for children, young women in the military, universities, and in sports, as well as women in prison who have already been subjected to sexual abuse, in and out of prison.

With this in mind, the Plaintiff can tough it out another 30 or so days.

Respectfully Submitted,

*(signed)*
Rhonda Fleming, Plaintiff
July 18, 2025
FMC-Carswell
PO Box 27137
Fort Worth, Texas 76127

CERTIFICATE OF SERVICE

Service is performed by the electronic filing of this Motion by the United States District Clerk.

*(signed)*
Rhonda Fleming

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING, <br> Institutional ID No. 20446-009 | § § § § | |
| Plaintiff, | § § | Civil Action No. 4:25-cv-157-O |
| VS. | § § § | |
| WARDEN T. RULE, *et al.*, | § § | |
| Defendants. | § | |

## PLAINTIFF'S ANSWERS TO THE COURT'S QUESTIONNAIRE

In your first amended complaint, you claim that Defendants are unlawfully enforcing the Federal Bureau of Prisons (BOP)'s "transgender policy" at FMC Carswell, which forces you to shower and live with biological men who claim to be transgender women. You appear to argue that Defendants' enforcement of the policy violates your First, Fifth, and Eighth Amendment rights and an executive order issued by President Trump.

You ask the court to declare that the BOP's transgender policy is unconstitutional; order Defendants to "end all transgender policies;" order your removal from prison while the court adjudicates your constitutional claims; and award you compensatory, punitive, and nominal damages.

**QUESTION 1:** Under which federal statutes or doctrines do you contend that you are entitled to seek such relief for Defendants' conduct? Be specific. The statutes that you cite (28 U.S.C. §§§§ 1331, 1332, 2201, 2022) do not establish a separate cause of action.

### ANSWER:

I am entitled to relief under Bivens, for the sexual abuse claims, the deliberate indifference claims, and all other constitutional violations.

I have presented a religious liberty claim, deserving of relief pursuant to 42 USC Section 2000bb, Religious Freedom Restoration Act. I intend to

amend the Complaint, in August 2025, to include a Federal Tort Claims Act claim, after the 6-month period to respond expires. The state law claim was filed in February 2025.

**QUESTION 2:** It is unclear which transgender policy you intend to challenge in this case. Please clarify. Do you intend to challenge that BOP's transgender policy that became effective under President Biden's administration?

Answer yes or no. If your answer is yes, identify the policy title and number if you are able. In addition, please clarify if it is your contention that such policy is still being enforced at FMC Carswell.

### ANSWER:

Yes, I am challenging the BOP's transgender policy that became effective under President Biden's administration, BOP Transgender Offender Manual, No. 5200.08, 01/13/2022. This policy is fully enforced by Warden Rule.

**QUESTION 3:** Is it your contention that the BOP modified its prior transgender policy and implemented a new one in response to President Trump's executive order?

Answer yes or no. If your answer is yes, identify the policy title and number if you are able. In addition, please clarify whether you intend to challenge the legality of the new transgender policy in this case.

### ANSWER:

No, the BOP has not modified its prior transgender policy. The Defendants are ignoring President Trump's executive order to protect women in federal prisons. To be clear, there is no "new transgender policy." The Defendants at FMC-Carswell are defying the President.

I am challenging the current transgender policy which allows biological males to see me naked in the showers and bathroom stalls.

- 5 -

**QUESTION 4:** You allege in a conclusory manner that "[t]he administrative remedy procedure has been exhausted." Do you contend that you properly exhausted all of your available administrative remedies related to your complaint with the Federal Bureau of Prisons before you filed this lawsuit?

Answer yes or no. If your answer is yes, describe in detail what specific steps you took to do so, when you took each step, and the outcome of each step. If your answer is no, explain in detail why you did not exhaust your available administrative remedies.

**ANSWER:**

No, I have not exhausted the administrative remedy process in the manner of going through the entire remedy process, but since the administrative remedy process was not available to me, after making verbal and written requests for the forms, I consider this portion of the process, exhausted or unavailable to exhaust.

I made verbal requests to Counselor Cooperwood and I made written requests to the administrative remedy coordinator, but was never provided the forms. I have a copy of the electronic request I sent asking for the forms. I never received a response.

**QUESTION 5:** Do you contend that you have sustained an injury as a result of having to shower and live among biological male inmates?

Answer yes or no. If your answer is yes, please describe the nature of each injury and state the specific date on when you first became aware of each injury?

**ANSWER:**

Yes, I have sustained injuries, physical and emotional due to the violation of my recognized constitutional right to bodily privacy from the opposite sex. I have suffered headaches, stomach pain, anxiety, fear of sexual assault, and denial of a tenet of my faith: not to expose my nudity to the opposite sex outside of marriage.

I have been forced to see men having sex in the middle of the night in the bathroom stalls. Other times I went hours without using the toilet because I was afraid to go in the dark bathrooms where these men were engaged in sexual acts. I have been deprived of sleep due to fear, anxiety, and depression over this matter. Warden Rule is deliberately indifferent to my safety and general well-being, refusing to offer any type of accommodation, while ignoring the policy position of President Trump. I have made NUMEROUS request to be removed from this prison, with about 20 male inmates, many of whom are sex offenders. All of them have girlfriends and are engaged in voyeurism, stalking, bullying, and other unlawful behavior which has caused me serious distress, for years.

**QUESTION 6:** You allege that Warden Rule has been deliberately indifferent to your physical safety and emotional welfare. State all of the specific facts that you rely on in support of this claim. Describe Warden Rule's personal actions or omissions, if any, that you contend are unlawful, and provide the specific date for each act or omission.

**ANSWER:**

I have made numerous requests, verbally and in writing, of which I have all copies, asking to be removed from the prison with all these men or for housing at Carswell, where there are no men. All of my request have been denied. I am a Dublin inmate, under a Consent Decree of protection from sexual abuse. I have reported my angst to the Dublin Liaison, Ms. Epplin, and the court-appointed Special Monitor, Ms. Wendy Still. Both have forwarded my concerns and requests to Warden Rule, and he has denied, ignored, and been recklessly indifferent to my fears and other concerns. ~~To be clear, I have had personal interaction with Warden Rule, who has been~~ crystal clear about his support of men in women's prisons.

The warden has zero concern about biological women's rights.

From January 2025 to the present, I have continually asked for an accommodation and been denied.

**QUESTION 7:** As of today, are FMC Carswell prison officials still forcing you to shower with biological male inmates who claim to be transgender women? Answer yes or no.

**ANSWER:**

Yes, this is everyday, with sex offenders who live 3 cells from me. The bathroom stalls provide no privacy, so these men can see me, when I am in the toilet area.

**QUESTION 8:** Since you filed this lawsuit, have prison officials at FMC Carswell taken any specific measures to address your complaint, accommodate your concerns, or otherwise comply with President Trump's executive order?

Answer yes or no. If your answer is yes, describe what specific measures or actions have been taken.

**ANSWER:**

No, the Defendants have not addressed my complaints about showering with men, seeing them engaging in sex in the bathrooms stalls, or complied with President's executive order in any manner. Instead, the Defendants and their employees have aggressively acted to stop me from reporting their inaction to this Court and President Trump's senior advisors. They have allowed male inmates how have assaulted women, to be locked in SHU cells(segregation), with biological women. I have been threatened with placement in the SHU because of my lawful activism.
In fact, Warden Rule sent some employees to threaten inmate Brenda Kirk for her activism in assisting women in sending out letters to the President about the sexual abuse at FMC-Carswell. Ms. Kirk was told we should not be telling the President about the men being in the showers with us.

**QUESTION 9:** As of today, have all biological male inmates who claim to be transgender women been removed or transferred from FMC Carswell? Answer yes or no.

**ANSWER:**

No, none of the biological males who claim to be women have been removed from FMC-Carswell.

**QUESTION 10:** Have you previously filed any other lawsuits in any state or federal court that challenges the same transgender policy that you intend to challenge in this case?

Answer yes or no. If your answer is yes, provide each case number and the name of the court in which each case was filed.

**ANSWER:**

Yes, I have filed other lawsuits, in state and federal court, that challenged the transgender policy. The Court may take judicial notice that the physical circumstances are different from those I raised at FCI-Tallahassee. The lawsuits filed are as follows:

Fleming v. United States, No. 7:17-cv-009-O (N.D. Tex.)

Fleming v. Strong, 4:21-cv-325-MW-MJF (N.D. Fla.)

Fleming v. United States, No. 4:24-cv-282-AW-MJF (N.D. Fla.)

## VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § Civil Action No. 4:25-cv-157-O |
| **COUNTY OF TARRANT** | § |

I understand that making a false statement or answer to any question in this cause of action will subject me to penalties for perjury. I hereby verify and declare under penalty of perjury that my answers to the court's questionnaire are true and correct. *See* 28 U.S.C. § 1746.

SIGNED on this 27th day of June, 2025.

_____
Plaintiff Rhonda Fleming

- 11 -

