

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

RHONDA FLEMING

V.                         NO. 25-cv-157-"O"

WARDEN T. RULE

PLAINTIFF'S MOTION TO REFILE REQUEST FOR TEMPORARY RESTRAINING ORDER
AND/OR PRELIMINARY INJUNCTION

The Plaintiff files the above-referenced Motion in response to the
Court's order of July 18, 2025, stating it was denying the request for a
for a TRO/PI, without prejudice, on procedural grounds only.

The Plaintiff sent a Motion asking the Court to hold the case in
abeyance while she conferred with an attorney interested in the case.
However, after filing the pleading, Defendant Wardern Rule's employees
attempted to force inmate Jamees Cook and the Plaintiff to be housed
with a male inmate, in the Special Housing Unit, which is a locked cell
facility, 24 hours a day.

Violent action was taken against Ms. Cook, who openly states she is a
victim of sexual abuse for 12 years as a child. The Plaintiff has been
been determined to not be in any locked area of the prison with these
male, violent sex offenders.

Over the weekend of July 19-20, 2025, one male inmate went room to room
sexually touching women, then ended up climbing on top of a woman. This
was reported to the Plaintiff by several women who live in unit CC5, the
hospital unit. The other man was caught chocking his young girlfriend,
a misguided, young woman, whom may be unstable, mentally.

For the reasons stated, clearly the Plaintiff is in physical jeopardy,
or imminent danger. Psychology staff stated they could "recommend" not
placing the Plaintiff in a cell, buty their were no guarantees.

The Plaintiff is correcting the procedural deficiency, by serving the
U.S. Attorneys Office, as stated below. Their office will receive a
copy of this Motion, the request for TRO, and request for an evidentiary
hearing with witnesses.

In closing, the Court should know that the housing unit with the most
women over 60 has a male inmate who raped a 78 year old woman. His name
is Michael D. Reed.

The Plaintiff is overwhelmed with pleas by the women in 1-North, to let the Court know about this man, among others, that they fear.

Your Honor, no one in their right mind could place such a person among the most vulnerable women inmates, many of them disabled.

Respectfully Submitted,

*/s/ Rhonda Fleming*

Rhonda Fleming, Plaintiff
July 24, 2025
FMC-Carswell
PO Box 27137
Fort Worth, Texas 76127


CERTIFICATE OF SERVICE

Service is performed by U.S. Mail, on the same day, to:

United States Attorneys Office

1205 Texas Avenue #700
Lubbock, TX 79401

and

1100 Commerce Street #300
Dallas, TX 75242

****In an abundance of caution, the Plaintiff is serving both offices.

*/s/ Rhonda Fleming*
Rhonda Fleming, Plaintiff

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS


RHONDA FLEMING

V.                                    NO. 4:25-cv-157-O


WARDEN T. RULE


PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

The Plaintiff moves the Court to grant her a Temporary Restraining Order, to sequester all biological male inmates at FMC-Carswell, into one housing unit, and grant the Plaintiff community placement into a halfway house, until the litigation of this case has ended. In support, the Plaintiff presents the following:

RELEVANT CASE BACKGROUND

The Court is very familiar with the Plaintiff and her cause to remove biological male inmates out of women's federal prison. See, Fleming v. United States, No. 7:17-cv-009-O, (N.D. Tex.) and Fleming v. Strong, No. 4:21-cv-325-MW-MJF (N.D. Fla.).

For over a decade, the Plaintiff has been forced to shower and share other intimate facilities with male inmates, at times even being stripped searched with these biological male inmates.

As the Court is aware, many of these men in women's prisons are sex offenders. Please google William McClain, a three-time convicted sex

offender of children and women, of whom Senator Ted Cruz noted in a Senate hearing, where he and other Republicans blocked the confirmation of a judge due to her ordering the FBOP to place this male inmate with the Plaintiff and other women, at FMC-Carswell.

Due to the Plaintiff's litigation, on two occasions President Trump has taken action on the issue of men in women's prisons. The most important action was the executive order for the removal of these men out of women's federal prisons, issued January 2025, after Judge Mark E. Walker ruled against the Plaintiff, in a bench trial. President Trump's advisors were watching the progression of the case. When the appropriate action was not taken, President Trump kept his campaign promise to "end transgender lunacy."

Unfortunately, the lunacy did not end. In Doe v. McHenry, No. 1:25-cv-286-RCL, (District of Columbia), a temporary restraining order was obtained, which lead to a preliminary injunction, overriding the President's executive order to remove men from women's prisons.

In twist of unbelievable simultaneous representation, the same law firm which represented the Plaintiff and other women, in California Coalition for Women Prisoners v. United States, No. 23-cv-4155-YGR (N.D. Cal.), Rosen, Bien, Galvan, & Grunfeld (RBGG), a lawsuit involving rampant sexual abuse of women, and retaliation against the Plaintiff and others for cooperating with the U.S. Attorney's Office, is now litigating to keep men in showers with the Plaintiff and other sexual abuse victims!

The Plaintiff is no lawyer. She has advocated for the protection of women in custody to not be sexually abused by male employees and/or male inmates. Yet, the Plaintiff is aware that RBGG is violating the Professional Rule of Conduct, 1.7, by litigating against the interests of the Plaintiff and other Class Members.

This is a Motion for a TRO, but the Court may, in its wisdom, recognize

2

that this lawsuit would not have been filed, if RBGG had not litigated to keep men in FMC-Carswell, with the Plaintiff and about 50 Class Members RBGG currently represent. A referral to the California State Bar Association is warranted.

The entire law firm is engaged in keeping these sex offender male inmates at FMC-Carswell, causing the Plaintiff and other Class Members extreme distress. The court-appointed Special Monitor, Ms. Wendy Still and her team, if called to testify, would state the Plaintiff and many other women expressed their disbelief that RBGG was advocating against their interests and were being stalked by these men, when naked in the showers and bathroom stalls.

This is no longer about Plaintiff Fleming raising this claim. It has been raised as a matter of sexual abuse of women, by the Biden administration, a DEI policy, to benefit one group over the interests of another.

As for Defendant Warden Rule, he has been engaged in advocating to keep the male inmates at FMC-Carswell. At one point, the FBOP was about to remove several of the male inmates who were not covered by the initial TRO/PI issued by Judge Lambreth. Defendant Warden Rule called a special meeting with these male inmates, advising those not covered by the injunction to call RBGG, immediately. Defendant Warden Rule instructed his staff to make legal calls for the male inmates, something not normally done for women inmates. The normal process being that the attorney initiate contact with the prison to set up a legal call.

Defendant Warden Rule and his staff have acted to block all access to the administrative remedy process. He has unlawfully utilized the disciplinary process to intimidate and retaliate against the Plaintiff for this lawsuit and her contact with The White House. Defendant Warden Rule has been referred for investigation to the Office of Internal Affairs and Office of

Inspector General. These referrals by the FBOP Dublin Liaison, Ms. J. Epplin and the Special Monitor, has enraged Defendant Warden Rule, placing the Plaintiff in physical and emotional danger.

GROUNDS FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER

There are four prerequisites for the issuance of a TRO or preliminary injunction. A movant must prove she will prevail on the merits; she is suffering irreparable harm, the threat of injury outweighs the threat of harm to the defendant, and granting relief will not disservice the public. Clark v. Prichard, 812 F.2d 991, 993 (5th Cir. 1987).

The Plaintiff will prevail on the merits. The President of the United States has issued an executive order to remove male inmates out of women's federal prisons. This EO was issued to protect women, like the Plaintiff, who are being harmed by men in women's prisons. The federal government recognizes only two sexes, male and female. And, it is widely recognized that women have a constitutional bodily privacy from the opposite sex. The Biden transgender policy clearly violated historical norms of sex-segregated prisons.

The Plaintiff is suffering irreparable harm. Everyday, she is denied bodily privacy from sex offenders. There are two male sex offenders in the Plaintiff's housing unit, sharing the same showers and bathroom stalls. Both are engaged in sexual conduct with their girlfriends in prison. The years of emotional distress have taken a toil on the Plaintiff. The Court knows the Plaintiff has been vilified, called a bigot, and routinely attacked by the LGBT mafia, of employees who support men in women's prisons. These people are extremly angry because the Plaintiff is a Black woman, so she cannot be called a racist, as is the case, when well-meaning Whites have raised this issue, like Lt. Gov. Dan Patrick.

The harm the Plaintiff is suffering is two-fold: false disciplinary actions and emotional distress based on men showering with her.

No amount of money and/or later removal of the men can compensate the Plaintiff, of the irreparable harm she has continually suffered for over a decade.

The Court may have to think about what the litigation looked like in 2017, and how it is perceived in 2025. While the Court moved on, the Plaintiff had to watch the transgender policy expanded, causing women the denial of medical treatment, so men could have sex change surgeries and hair removal treatments. Then the same people who forced this immoral conduct on helpless women in prison, moved on to our children, to indoctrinate them into believing transgender lunacy.

This was always the plan, to normalize it. It is 100% an anti-American action against decent people.

So, yes, anyone living under such conditions for so many years, to the point of even going on a 40 day hunger strike to get away from these men, has suffered irreparable harm.

There is no harm to the Defendants. The Government, through the U.S. Attorney's Office, can no longer defend men being in women's prisons. And based on the fact the Plaintiff's years of litigation lead to the President putting a stop to the trangender policy, there is no harm to the defendants. In fact, the USAO should be unopposed to the relief the Plaintiff is requesting. The injunction the male inmates obtained may be found unlawful by the U.S. Supreme Court because none of these men are in a prison in the District of Columbia. This Court has jurisdiction over these male inmates.

Last, there is no disservice to the public. The President campaigned on putting a stop to men in women's prisons getting sex change surgeries and other trans-treatments, on the taxpayer's dime.

5

PRAYER FOR RELIEF

The Plaintiff moves the Court for the following relief:

1. All male inmates should be placed in one housing unit, until they are transferred to a men's prison;

2. The Plaintiff should be transferred to community placement, a halfway house, within the Northern or Southern District of Texas, until the resolution of these proceedings.

CONCLUSION

The Plaintiff prays the Court will grant this TRO, set an evidentiary hearing to allow testimony on this matter, with the intent, of granting a permanent injunction.

Respectfully Submitted,

_____
Rhonda Fleming, Plaintiff
June 27, 2025
FMC-Carswell
PO Box 27137
Fort Worth Texas 76127


CERTIFICATE OF SERVICE

Service is performed by the electronic filing of this Motion by the U.S. Clerk.

_____
Rhonda Fleming, Plaintiff

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS


RHONDA FLEMING


V.                              NO. 4:25-cv-157-O


WARDEN T. RULE


PLAINTIFF'S EXHIBITS IN SUPPORT OF TEMPORARY RESTRAINING ORDER


The Plaintiff files two exhibits, in support of the Court granting injunctive relief.


Exhibit-A, is a email sent to Defendant Warden Rule, after he instructed his employees to seize letters the Plaintiff, inmate Brenda Kirk, and other women were sending to President Trump regarding male inmates in prison with women, in violation of his executive order. Later, the Plaintiff and Ms. Kirk were written incident reports for engaging in lawful legal activities. This exhibit proves that Warden Rule is aware of the distress and anger his policies are causing the Plaintiff and other women at the prison.

Exhibit-B, is an email to the BOP Liaison showing the Warden is blocking the processing of administrative remedies. He has been referred to Internal Affairs.


Respecfully Submitted,

Rhonda Fleming, Plaintiff
6/27/25
COS Done

-----FLEMING, RHONDA ANN on 5/21/2025 12:38 PM wrote:

RE: UNLAWFUL INTIMDIATION OF WOMEN SEEKING REMOVAL OF
BIOLOGICAL MALES FROM WOMEN'S PRISONS.

Warden Rule,

It is racist and sexist for you to send SIS to intimidate a woman, inmate Brenda Leigh Kirk, who are requesting a pardon and/or clemency based on sexual abuse, denial of medical treatment, and the intervention of a DC court in stopping President Trump's Executive Order to remove male inmates out of women's prisons.

We have a constitutional right to assist each other in applying for a pardon or clemency. We all share the same issue: We want men out of women's prisons and should be compensated with sentence reductions for being part of a DEI policy, which was a violation of women's civil rights.

You had your henchman issued a warning to stop women from begging the President and Ms. Alice Johnson, the Pardon Czar for help. They even conviscated the letters women have been sending to the Pardon Czar. You have no right to confiscate legal documents, which are telling the truth.

Women from Dublin were sexually abused and they are sexually traumatized by showering with men, who have a penis and are having sex in the showers and bathrooms everyday. This transgender mess was a scam for regular men to get into women's prisons.

The President ordered these men removed from our showers and you are sending your employees to intimidate inmates ılved in lawful activity. We have a 1st Amendment right to send out all the letters we want, to President Trump and his Pardon Czar, asking for relief from men being in women's prisons.

Many of your staff hate the presence of these men in showers with us. They have expressed their distaste with your support of men in women's prisons. And when OIA gets here, these employees will tell what you have been up to against biological women.

As for that white supremacist that you cater to, Peter Langan, he does bother women. He bothers women in the upstairs showers. Do you think he is just having sex with the woman in 1-North? He stalks the showers, too. He tries to read our emails as we type them. He is very aggressive and angry a Black woman will soon send him back to a men's prison.

And, I know you are angry about it too. You are a white man, backing another white man, in something that is immoral and anti-woman.

I will be forwarding this email to the Dublin Monitor, OIA, Ms. Epplin, Judge Reed O'Connor, and the President of the United States. President Trump should know how his employees are back-stabbing him, and trying to physically intimidate women from reporting what is happening to us. We are being sexually abused with the approval of the warden at FMC-Carswell.

We need help from your 100% misconduct against biological women.

When OIA and Ms. Epplin sees that letter to Ms. Alice Johnson, you will be referred for disciplinary action. Woman have a right to stand together against men in our showers.

Rhonda Fleming

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: CRW-I-N

---

FROM: Dublin Liaison
TO: 20446009
SUBJECT: RE:***Inmate to Staff Message***
DATE: 06/17/2025 01:37:02 PM

I am referring your allegation to Internal Affairs as I reviewed SENTRY and do not see where you have any logged for this year (2025) either. I believe you may file straight to the Region on a BP-10 and notate you did receive a response or a receipt for your BP-9's.

Ms. E

J. Epplin, BOP Liaison

As a reminder, this email box does not replace the BOP Administrative Remedy Program. This email is not to be used in place of regular PREA reporting. This email box is not monitored 24 hours a day/7 days a week and you may not receive a response for a few business days or may not receive a response if not a Dublin Consent Decree related concern.

---

From: ~^! FLEMING, ~^!RHONDA ANN <20446009@inmatemessage.com>
Sent: Monday, June 16, 2025 1:03 PM
Subject: ***Request to Staff*** FLEMING, RHONDA, Reg# 20446009, CRW-I-N

To: Administrative Remedy Process
Inmate Work Assignment: na

J. Epplin:

On May 29, 2025, I submitted 3, BP-9 administrative remedy forms, to Counselor Cooperwood.

On May 30, 2025, I submitted 2, BP-9 administrative remedy forms, to Counselor Cooperwood.

Today, I requested my receipts for these ARs. The grievance coordinator has not logged in these grievances, which is a scam.

I journal when I send out mail and when I submit administrative remedies.

You have sent several emails telling me to address my concerns in administrative remedies. I have a FBOP employee as a witness these documents have been submitted.

What is the next step, if administrative remedies are not being processed?

Thank You,

Rhonda Fleming

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: CRW-I-N

---

FROM: 20446009
TO:
SUBJECT: LETTER BRIEF FOR NO. 25-CV-157-O
DATE: 07/06/2025 07:49:13 PM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

RHONDA FLEMING

V.                                     NO. 25-CV-157-O

WARDEN T. RULE

PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING

PLAINTIFF'S MOTION TO SUBPEONAE WITNESSES

The Plaintiff has filed a Motion for a Temporary Restraining Order. In further support of this motion, and in hopes of being granted a preliminary injunction, the Plaintiff moves for an evidentiary hearing, with witnesses such as the male inmates who allege they are women, as soon as is practicable. The Plaintiff presents the following in support:

THE EVOLUTION OF THE FEDERAL PRISON

The Plaintiff has been incarcerated for a long time. When she started her federal prison sentence, male officers conducted pat searches on the Plaintiff, a biological woman. Yes, that is correct. A male officers could feel the body of a woman prisoner, to search them for contraband.

A lot of bad things happened due to this policy. And there was no "me, too" movement to protect women in federal prisons. Women had to accept the sexual abuse that was allowed by the policies in place at that time. Many times, these searches occurred with the woman prisoner and male officer, in a secluded area. No camera were around.

The Plaintiff praises God for the federal court system which put a stop to this immoral, harmful, dangerous, and unnecessary policy. In Forde v. Baird, 720 F. Supp. 2d 170 (D. Conn. 2010), the FBOP policy of male officers being allowed to physically search women in prison was stopped. A woman of faith, not my faith, but of sincere faith, filed her civil complaint to stop what we all know today, is abhorrent to a decent woman: to be touched, intimately, by a man, who is a complete stranger.

Due to the litigation in Forde v. Baird, in 2012, the FBOP stopped male officers from physically searching the bodies of women prisoners. While this did not stop the sexual abuse, the incidents of improper touching was greatly reduced.

Still the Court may consider, for the first 5 years of the Plaintiff's incarceration, she suffered under this draconian, egregious sexual abuse. And, that is what it is, sexual abuse when a man can physically touch a woman's body, against her will.

Shortly after the pat searching policy was ending, the FBOP under Obama started bringing male inmates into women's federal prison. This was worst than the male officers pat searching women prisoners. And, it continues right now, as it did when the policy was implemented.

The only way the practice of allowing biological male inmates to scam the system will end, is by allowing the Department of Justice and the Plaintiff to enter into a consent decree, which would be binding and nearly impossible to override.

As we know, Presidential policies and executive orders change with elections. Therefore, it is the Plaintiff's goal to obtain a consent decree, as soon as is practicable, to end the daily sexual abuse she has been suffering for a decade.

TEXAS STATE SEX CRIME LAW IS BEING VIOLATED EVERYDAY AT FMC-CARSWELL

Texas Penal Code 21.17(a), Voyeurism, states "A person commits an offense if the person, with the intent to arouse or gratify the sexual desire of the actor, observes, including remotely through the use of electronic means, another person without the other person's consent while the other person is in a dwelling or structure in which the other person has a reasonable expectation of privacy."

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: CRW-I-N

---

The Plaintiff is a sex abuse victim of a crime everyday that she is held at FMC-Carswell. If granted a hearing, the Plaintiff would present numerous witnesses who would attest to the fact these male inmates openly watch women in the showers and toilet stalls. At night, these men are in the toilet area having sex with women inmates, which is the reason for them pretending to be women....to get into a women's prison.

The crimes of voyeurism and indecent exposure happen everyday at FMC-Carswell, due to the enforcement of the Biden transgender policy by Defendant Warden Rule. It is routinely brought to his attention that it is a Texas state crime to allow male inmates to watch women shower, use the toilet, be strip searched with men, and be locked in segregation cells with men

To be clear, the Federal Bureau of Prisons instituted a policy to place biological male inmates in women's prisons which violated state laws and historical norms of sex-segregated prisons.

At now time has Defendant Warden Rule acted to accommodate the Plaintiff and other women who did not want to be seen by men in the showers. Instead, he has made a joke of it and did all he could to maintain the presence of these men in a women's prisons, and been very disrespectful to President Trump's policy, stating, "I don't work for Trump!"

MALE INMATES TO SUBPOENA

Since this is a civil case, and their is no criminal liability on these male inmates, the Court has the authority to subpoena these men for several reasons.

First, the Court should have a face-to-face look at these hardened male, violent, sex offender criminals. The Plaintiff is not falsely accusing these men of being sexual offenders, Rafael Mercado-Berrios, Zach Lawrence, Sean O'Brien, and William McClain are all convicted of federal sex crimes against women and children. Add Walter Meacham, Gary Dean Boone and Peter Kevin Langan, two murderers and armed robber, respectively, and the Court can understand the importance of a consent ree to bar this dangerous, foolish, scam on the taxpayer.

We also have an illegal alien, Katy Bernal-Guzman, who assaulted two women in May 2025, pretending to be a woman.

Second, testimony by women who have been stalked in the showers and toilet stalls, and/or been denied entry into these areas due to these men being engaged in sex can be presented. Every male named in this Motion has been involved with women in the prisons. Officers will testify to catching these men in bed and/or showers with women, when they are not committing voyeurism and stalking in the showers.

Last, the Court should hear from the officers on the frontline having to deal with men in the women's prisons. Defendant Warden Rule has intimidated officers who do their job and write incident reports to stop this behavior. When the Plaintiff has reported male inmates watching her in the shower, the officers have told the Plaintiff their is nothing they can do to stop these men. The male officers feel angry and helpless. The women officers do not want to strip search a male inmate, being forced to be alone with a naked man.

Can the Court imagine how horrible this is for women prisoners and the decent officers?

CONCLUSION

The Plaintiff respectfully prays the Court will grant an evidentiary hearing and allow the subpoena of witnesses. If granted, the Plaintiff will present the Court with a list of women who are victims of these men watching them in the showers and toilets.

Respectfully Submitted,

Rhonda Fleming, Plaintiff
July 6, 2025
FMC-Carswell
Reg. No. 20446-009
PO Box 27137
Fort Worth, Texas 76127

CERTIFICATE OF SERVICE

TRULINCS 20446009 - FLEMING, RHONDA ANN - Unit: CRW-I-N

--------------------------------------------------------------------------------

...rvice is performed by the electronic filing of this document by the U.S. District Clerk.

Rhonda Fleming, Plaintiff

Rhonda Fleming 20446-009
PO Box 27137
Fort Worth, TX 76127



United States District Court
Office of the Clerk
501 West 10th Street
Fort Worth, TX 76102

Legal Mail