

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MIRIAM CRYSTAL HERRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:25-CV-0438-D |
| VS. | § | |
| | § | |
| WARDEN T. RULE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ANSWERS TO THE COURT'S QUESTIONNAIRE

In your first amended complaint, you claim that Defendants are unlawfully enforcing the Federal Bureau of Prisons (BOP)'s "transgender policy" at FMC Carswell, which forces you to shower and live with biological men who claim to be transgender women. You appear to argue that Defendants' enforcement of the policy violates your First, Fifth, and Eighth Amendment rights and an executive order issued by President Trump.

You ask the court to declare that the BOP's transgender policy is unconstitutional; order Defendants to "end all transgender policies;" order your temporary release from prison while the court adjudicates your constitutional claims; and award you compensatory, punitive, and nominal damages. You seek to obtain this relief under the Religious Freedom Restoration Act.

**QUESTION 1:** In this case, do you intend to seek the same relief for Defendants' conduct under another federal statute or doctrine?

Answer yes or no. If your answer is yes, please state under which federal statutes or doctrines you intend to seek this relief.

**ANSWER:**

Yes, there are other claims I intend to file a claim pursuant to the Federal Tort Claims Act, 28 USC Section 1346 and 2671-2680, in August 2025, when the 6-month time period to respond to the request for damages expires. In the present Complaint, 28 USC Sections 1331 & 1332, Bivens, and the Declaratory Judgment Act, 28 USC Sections 2201-2202, are applicable.

I intend to move to amend the Complaint, in September 2025, to add the FTCA claims. Religious Freedom Restoration Act claim is also applicable.

- 4 -

**QUESTION 2:**  It is unclear which transgender policy you intend to challenge in this case. Please clarify. Do you intend to challenge that BOP's transgender policy that became effective under President Biden's administration?

Answer yes or no. If your answer is yes, identify the policy title and number if you are able. In addition, please clarify if it is your contention that such policy is still being enforced at FMC Carswell.

**ANSWER:**

Yes, I am challenging the Biden Transgender Policy, FBOP Program Statement, titled, BOP Transgender Offender Manual, No. 5200.08, 01/13/2022. I am still forced to expose my naked body to biological male inmates, many of which are sex offenders. The FBOP, in violation of President Trump's executive order, continues to treat these male inmates as if they are biological women. In other words, there has been no change to the Biden Transgender Policy.

**QUESTION 3:** Is it your contention that the BOP modified its prior transgender policy and implemented a new one in response to President Trump's executive order?

Answer yes or no. If your answer is yes, identify the policy title and number if you are able. In addition, please clarify whether you intend to challenge the legality of the new transgender policy in this case.

**ANSWER:**

No, in spite of President Trump's clear, unambiguous executive order, Defendant Warden Rule has made no modification to the Biden Transgender Policy. The Biden Transgender Policy remains the enforced policy regarding male inmates in women's prisons. The Defendants have failed to take responsive or intervening action to stop the ongoing sexual abuse by biological males against the Plaintiff.

**QUESTION 4:** You allege in a conclusory manner that "[t]he administrative remedy procedure has been exhausted." Do you contend that you properly exhausted all of your available administrative remedies related to your complaint with the Federal Bureau of Prisons before you filed this lawsuit?

Answer yes or no. If your answer is yes, describe in detail what specific steps you took to do so, when you took each step, and the outcome of each step. If your answer is no, explain in detail why you did not exhaust your available administrative remedies.

**ANSWER:**

I made several verbal requests to Counselors Clements and Cooperwood for administrative remedy forms, in January 2025. I was told to "come back later," at their "open house day." The open house day was during my assigned work hours, so I sent an electronic "Request to Staff" requesting the forms, in February 2025.

I never received a response. I have a copy of the electronic request.

The administrative remedy process is exhausted or was unavailable to me, in spite of good faith efforts to obtain the forms.

**QUESTION 5:** Do you contend that you have sustained an injury as a result of having to shower and live among biological male inmates?

Answer yes or no. If your answer is yes, please describe the nature of each injury and state the specific date on when you first became aware of each injury?

**ANSWER:**

Yes, I have suffered physical pain, such as headaches, stomachaches, and many times I suffered bladder pain when I held my urine, to avoid male inmates having sex in the bathrooms at night. I was afraid of being raped.

I was viewed naked countless times, in the showers and toilet stalls, by the intentional conduct of male inmates and the Defendants allowing these men to commit sex crimes against women. I am a Christian who believes I should not expose my body to the opposite sex, outside of marriage. This tenet of my faith in God was violated for over 4 years. I had a recognized constitutional right to bodily privacy from the opposite sex. Also, under Texas state criminal law, Texas Penal Codes 21.17, voyeurism and 42.072, stalking, the Defendants let me be victimized, which was gross negligence and a violation of my constitutional rights. I continue to suffer emotional distress due to the unconstitutional policies enforced by Warden Rule.

**QUESTION 6:**  You allege that Warden Rule has been deliberately indifferent to your physical safety and emotional health. State all of the specific facts that you rely on in support of this claim. Describe Warden Rule's personal actions or omissions, if any, that you contend are unlawful, and provide the specific date for each act or omission.

**ANSWER:**

Warden Rule had the discretion to remove all male inmates from my housing unit. While he was under an injunction not to transfer the male inmates to a men's prison, he had the legal right to move all male inmates into one housing unit, to accommodate women who did not want to be seen naked by male inmates. He refused when Rhonda Fleming made this request. Warden Rule allows the men to have sex with women in the prison, without any disciplinary consequences. Many nights, I cannot enter the bathroom without male inmates and women having sex in the stalls. Officers write incident reports when these men are caught having sex, such as Officer Musa has done, but the senior staff has been instructed not to punish these inmates. Warden Rule has stated to the male inmates that he supports them staying in the women's prisons. I have expressed my distress verbally and in writing, to no avail. Warden Rule is fully aware that I am in distress over men being in my housing unit, showering with me, and having sex in the unit, but he is a supporter of transgenderism(if there is such a thing). His person support of men in women's prisons has violated my constitutional rights.

It is my belief that Warden Rule is anti-Christian and encouraging immoral behavior, which is harming me.

**QUESTION 7:** As of today, are FMC Carswell prison officials still forcing you to shower with biological male inmates who claim to be transgender women? Answer yes or no.

**ANSWER:**

Yes, as of the filing of this document, male inmates remain in my housing unit, showering with me, everyday.

**QUESTION 8:** Since you filed this lawsuit, have prison officials at FMC Carswell taken any specific measures to address your complaint, accommodate your concerns, or otherwise comply with President Trump's executive order?

Answer yes or no. If your answer is yes, describe what specific measures or actions have been taken.

**ANSWER:**

No, the prison officials at FMC-Carswell have not taken any measures to address my complaints, accommodate my concerns, or comply with President Trump's executive order. The President issued an executive order to protect me and other women. Warden Rule and his employees have done everything they could to accommodate the men, while disregarding the emotional distress of women at the prison, to include me. Again, the TRO issued by Judge Lambreth, District of Columbia, simply barred transfer of the men to a men's prison and that the men had to continue to receive "gender affirming care." Nothing in the TRO or preliminary injunction required that my constitutional rights be violated to accommodate male inmates, sex offenders, in a women's federal prison. In fact, Warden Rule's employees have acted to block women from receiving court orders. The Court issued this order to answer the questionnaire in May 2025, but I did not receive the documents until June 24, 2025. I am on camera signing for these documents, in the housing unit. I am being obstructed from receiving timely delivery of legal mail from the Court.

- 9 -

**QUESTION 9:** As of today, have all biological male inmates who claim to be transgender women been removed or transferred from FMC Carswell? Answer yes or no.

**ANSWER:**

No, male inmates have not been removed or transferred from the prison. In fact, more male inmates have been brought to FMC-Carswell since the initial filing of this Complaint.

**QUESTION 10:** Apart from your related case that is pending before the court (Civil Action No. 4:25-CV-0497-D), have you previously filed any other lawsuits in any state or federal court that challenge the transgender policy that you intend to challenge in this case?

Answer yes or no. If your answer is yes, provide each case number and the name of the court in which each case was filed.

**ANSWER:**

No, I have never filed any civil lawsuit, related to this case or any other type of complaint in all the time I have been incarcerated. I was inspired to file this Complaint after President Trump issued the executive order. To be frank, I did not know I had a right to bodily privacy and other protections under the U.S. Constitution. I have filed a Motion for Compassionate Release, for sexual abuse based on what I have endured at FMC-Carswell.

## VERIFICATION

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | **Civil Action No. 4:25-CV-0438-D** |
| **COUNTY OF TARRANT** | § | |

I understand that making a false statement or answer to any question in this cause of action will subject me to penalties for perjury. I hereby verify and declare under penalty of perjury that my answers to the court's questionnaire are true and correct. *See* 28 U.S.C. § 1746.

SIGNED on this ____ day of _____, 2025.

_____
Plaintiff Miriam Crystal Herrera



Mriam Herrera 2N
56791177
Fmc carswell
P.o Box 27137
Fort worth TX 76127.

Legal Mail

United States District court
office of the clerk
Northern District of Texas
501 West Tenth st. Room 310
Fort worth TX 76102

X-RAY

RECEIVED

CLERK U.S. DISTRICT C
NORTHERN DISTRICT O

FMC Carswell
P.O. Box 27066
Fort Worth, TX 76127
Ma... 06-27-2025

The ... letter was processed through special
mailing ... ture for forwarding ... ... if the writer
has neither ... ... ... ... ... ... this facility
raises ... quest... ... ... ... ... ... ... material
... jurisdiction ... ... ... ... ... ... (s)
for further information or clarification. (2)