IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING and<br>MIRIAM CRYSTAL HERRERA, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 4:25-CV-0157-D<br>(Consolidated with |
| WARDEN T. RULE, WILLIAM K.<br>MARSHALL, III, PAMELA J. BONDI,<br>and UNITED STATES OF AMERICA, | §<br>§<br>§<br>§ | Civil Action No. 4:25-CV-0438-D) |
| Defendants. | §<br>§ | |

**PLAINTIFFS' UNOPPOSED MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

In accordance with Federal Rule of Civil Procedure 15(a)(2), Plaintiffs Rhonda Fleming and Miriam Crystal Herrera file this *Unopposed Motion for Leave to File Amended Complaint* ("Unopposed Motion"). In support of this Unopposed Motion, Plaintiffs respectfully show the Court as follows.

## I.  PROCEDURAL BACKGROUND

1.      On February 19, 2025, Plaintiff Rhonda Fleming filed her *pro se* complaint against the United States of America and FMC Carswell Warden Tyal Rule [Dkt. 1], commencing this case. This case was assigned to then-District Judge Reed O'Connor. Although the Court dismissed Ms. Fleming's original complaint [Dkt. 16], Ms. Fleming filed an amended *pro se* complaint ("First Amended Fleming Complaint") [Dkt. 17] and a motion to reopen the case ("First Fleming Motion to Reopen Case") [Dkt. 18].

2.      On April 22, 2025, Plaintiff Miriam Chrystal Herrera filed her *pro se* complaint against Warden Rule and Federal Bureau of Prisons Director William K. Marshall III, commencing a separate action before then-District Judge Reed O'Connor (Case No. 4:25-cv-00438-D, the

1

"Herrera Case") [Herrera Case, Dkt. 1]. Ms. Herrera filed an amended *pro se* complaint ("First Amended Herrera Complaint") [Herrera Case, Dkt. 8; Dkt. 42].

3.    The Court denied the First Fleming Motion to Reopen Case because Ms. Fleming had not yet paid the filing fee ("Fleming Dismissal Order") [Dkt. 19], but Ms. Fleming filed a renewed motion to reopen the case, representing that the filing fee had since been paid ("Second Fleming Motion to Reopen Case") [Dkt. 20]. The Court vacated its Fleming Dismissal Order and granted the Second Fleming Motion to Reopen Case [Dkt. 21].

4.    On May 27, 2025, Judge O'Connor reassigned the Herrera Case to Judge Sidney A. Fitzwater [Herrera Case, Dkt. 9]. Judge Fitzwater ordered preliminary screening of the First Amended Herrera Complaint under 28 U.S.C. § 1915A, providing Ms. Herrera with a questionnaire and ordering her to complete and file it with the Clerk of Court within 30 days [Herrera Case, Dkt. 12]. Ms. Herrera filed her completed questionnaire ("Herrera Questionnaire") and a motion asking the Court to appoint her counsel [Herrera Case, Dkts. 13, 15; Dkts. 43, 44].

5.    Meanwhile, the Court ordered preliminary screening of the First Amended Fleming Complaint under 28 U.S.C. § 1951A, providing Ms. Fleming with a questionnaire and ordering her to complete and file it with the Clerk of Court within 30 days [Dkts. 22, 24–25]. Ms. Fleming filed her completed questionnaire ("Fleming Questionnaire") [Dkt. 27], along with a second amended *pro se* complaint ("Second Amended Fleming Complaint") [Dkt. 29] and motions for a temporary restraining order ("TRO") and for an evidentiary hearing on her requested TRO ("First Fleming Injunctive Relief Motion") [Dkts. 26, 28].

6.    Only because Ms. Fleming did not seek leave to file her Second Amended Complaint, the Court struck the Second Amended Fleming Complaint from the docket [Dkt. 31]. However, the Court retained the First Amended Fleming Complaint and Fleming Questionnaire

and said that they "constitute the live claims that remaining pending judicial screening under § 1951A." Dkt. 31 at 2. Additionally, although the Court denied the Fleming Injunctive Relief Motions due to Defendants' lack of notice [Dkt. 32], the Court held that Ms. Fleming may renew the Fleming Injunctive Relief Motion "after Defendants receive proper notice thereof." Dkt. 32 at 2. Finally, Judge O'Connor reassigned this case to Judge Fitzwater [Dkt. 33]. Shortly after, Ms. Fleming filed a renewed motion for a TRO and a preliminary injunction ("Second Fleming Injunctive Relief Motion") [Dkt. 38].

7.    On August 27, 2025, the Court consolidated the Herrera Case with this lead case ("Consolidation Order") [Dkt. 41; Herrera Case, Dkt. 16]. That same day, the Court appointed Brown Fox PLLC and the undersigned counsel to represent Plaintiffs in this consolidated case ("Counsel Appointment Order") and directed the U.S. Marshals to serve defendants with the First Amended Fleming Complaint, First Amended Herrera Complaint, Fleming Questionnaire, Herrera Questionnaire, the Second Fleming Injunctive Relief Motion, and the Counsel Appointment Order [Dkt. 45].

8.    On October 29, 2025, Defendants filed their *Notice of Attorney Appearance* [Dkt. 51] and their *Unopposed Motion to Reset Response Deadline* ("Reset Response Deadline Motion") [Dkt. 52]. The Reset Response Deadline Motion accurately represented the following to the Court:

> Plaintiffs, for whom counsel was appointed in late August 2025, intend to file a motion for leave to file an amended complaint by November 3, 2025. The parties have reached agreements whereby Defendants will not oppose Plaintiffs' filing an amended complaint and Plaintiffs agree to allow Defendants to answer or otherwise respond to the amended complaint within sixty (60) days from the filing of the amended complaint.

Reset Response Deadline Motion at 1. In response, the Court granted the Reset Response Deadline Motion ("Reset Response Deadline Order") [Dkt. 54], ordering that "Defendants shall answer or otherwise respond to the forthcoming amended complaint within sixty (60) days from the filing of the amended complaint." Reset Response Deadline Order at 1.

## II.  AUTHORITIES & ARGUMENT

### A.      The Federal Rules of Civil Procedure Favor Granting Leave to Amend Pleadings.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that a court should "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15(a)(2) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), which a court must allow absent "a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Courts generally grant leave to amend unless there is evidence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The standard is generous but "is not automatic." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 315 (5th Cir. 2022).

### B.      Justice So Requires the Court to Grant Plaintiffs Leave to Amend Their Complaints.

Plaintiffs respectfully request the Court to grant this Unopposed Motion for two reasons. First, the Unopposed Motion may be unnecessary due to Defendants' consent to the Unopposed Motion. *See* FED. R. CIV. P. 15(a)(2) (stating that "a party may amend its pleading" with "the opposing party's written consent"). Indeed, the Reset Response Deadline Motion expressly states that "Defendants will not oppose Plaintiffs' filing an amended complaint" (and the Reset Response Deadline Order implies that the Court will allow a "forthcoming amended complaint"). Reset Response Deadline Motion at 1; Reset Response Deadline Order at 1. Nevertheless, Plaintiffs file

4

this Motion out of an abundance of caution to ensure compliance with Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 15.1(b). Second, if the Court deems leave is required, there is no substantial reason for the Court to deny the Unopposed Motion. This Unopposed Motion merely proposes the first amendments to the First Amended Fleming Complaint and First Amended Herrera Complaint—constituting Plaintiffs' original consolidated complaint—since the Court entered its Consolidation Order and Counsel Appointment Order. There is no evidence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment. Therefore, the Court should grant this Unopposed Motion.

This Unopposed Motion also follows the Local Civil Rules. Plaintiffs have attached a copy of their "proposed amended pleading to the motion as an exhibit." N.D. TEX. LOCAL CIV. R. 15.1(b). A copy of Plaintiff's proposed *Verified Amended Complaint* is attached as **<u>Exhibit A</u>** ("Proposed Complaint"). Plaintiffs respectfully request that, if the Court grants this Unopposed Motion, "the amended pleading will be deemed filed as of the date of the order granting leave, or as otherwise specified by the presiding judge, and the clerk will file a copy of the amended pleading." *Id.*

### III. <u>CONCLUSION</u>

The Proposed Complaint falls well within the liberal standard for freely allowing the amendment of pleadings under Federal Rule of Civil Procedure 15(a)(2). Accordingly, Plaintiffs respectfully request that the Court grant this Unopposed Motion and direct the Clerk of Court to file a copy of the Proposed Complaint on the Court's docket. Plaintiffs also request such other and further relief, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

BROWN FOX PLLC

By: */s/ Cortney C. Thomas*

Cortney C. Thomas
  Texas Bar No. 24075153
  cort@brownfoxlaw.com
C. Alan Carrillo
  Texas Bar No. 24109693
  alan@brownfoxlaw.com
Andrew C. Debter
  Texas Bar No. 24133954
  andrew@brownfoxlaw.com
8111 Preston Road, Suite 300
Dallas, TX 75225
T: 214.327.5000
F: 214.327.5001

*Attorneys for Plaintiffs Rhonda Fleming and Miriam Crystal Herrera*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Plaintiffs conferred with counsel for Defendants, and this Motion is unopposed.

*/s/ Cortney C. Thomas*
Cortney C. Thomas

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic filing system.