IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING and<br>MIRIAM CRYSTAL HERRERA,<br><br>　　Plaintiffs,<br><br>v.<br><br>WARDEN T. RULE, WILLIAM K.<br>MARSHALL, III, PAMELA J. BONDI,<br>UNITED STATES OF AMERICA,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:25-CV-0157-D<br>(Consolidated with<br>Civil Action No. 4:25-CV-0438-D) |

## TEMPORARY RESTRAINING ORDER

Came on for consideration the application for temporary restraining order and preliminary and permanent injunction filed by Plaintiffs Rhonda Fleming and Miriam Crystal Herrera (the "Motion"). The court has considered the Motion, the accompanying memorandum of law, declarations, and exhibits, as well as any response and reply, and has heard and considered the arguments of counsel. For good cause shown, the court grants the Motion as follows.

Accordingly, IT IS ORDERED that:

1.　For purposes of this Order, "male inmate" means a person who is biologically male, regardless of gender identity. This Order applies to Plaintiffs and to conditions of confinement at FMC Carswell. Nothing in this Order requires or authorizes action that would contravene any existing, valid federal court order.

2.　Defendants are temporarily enjoined from housing any male inmate within the general female population in any housing unit where either Plaintiff is currently or will be housed during the pendency of this order.

3. Defendants are temporarily enjoined from permitting any male inmate to enter or remain in any female-only privacy area (including showers, restrooms, changing areas, and dormitory spaces) to which either Plaintiff has access, such that Plaintiffs are not exposed to male inmates while showering, toileting, dressing, or sleeping.

4. To comply with this order, defendants may, in their discretion, (a) reassign male inmates away from Plaintiffs' housing and privacy areas; or (b) house such inmates in a secure, segregated area at FMC Carswell (including the Hospital Unit or a comparable setting) that preserves access to programming and services while preventing access to female-only privacy areas. Nothing in this order requires disciplinary placement of any inmate.

5. Defendants, and all persons acting in concert with them, are temporarily enjoined from transferring Plaintiff Herrera from FMC Carswell, or otherwise adversely altering the terms or conditions of her confinement because of her participation in this litigation, during the pendency of this temporary restraining order. This paragraph does not bar a transfer supported by a bona fide, documented penological or medical reason unrelated to this lawsuit. In that event, defendants shall provide plaintiffs' counsel and the court with written notice at least 72 hours before any such transfer.

6. Defendants shall refrain from retaliating against Plaintiffs in any manner, including disciplinary write-ups, reclassification, removal from work assignments, segregated housing placement, or subjecting Plaintiffs to violence or harassment from staff or inmates because of their participation in this litigation or their exercise of protected religious expression.

7. If Defendants contend that compliance with this order would conflict with a specific, existing federal court order protecting a non-party, they must promptly notify Plaintiffs

and the court in writing, identify the conflicting order, and propose an alternative means of compliance.

8. Defendants shall file a status report on or before _____, specifying the steps taken to comply with this order. The report shall specify: (a) the actions taken to ensure that no male inmate is housed in the same unit or living quarters as either Plaintiff; (b) the actions taken to prevent any male inmate from accessing female-only privacy areas, including restrooms, showers, changing areas, or dormitory spaces used by Plaintiffs (c) a description of any alternative housing or segregation arrangements implemented to comply with this order, including whether any male inmates have been reassigned to the Hospital Unit or another secure area; (d) confirmation that all BOP personnel at FMC Carswell have been notified of this order and instructed on its requirements; (e) a description of any complaints or incidents related to Plaintiffs' claims or the male inmates at FMC Carswell reported since entry of this Order and (f) any other measures taken to preserve the safety, privacy, and religious rights of Plaintiffs consistent with this order.

9. The court finds that plaintiffs are incarcerated individuals of limited means and that no monetary injury will result to defendants from this order. Security is therefore waived under FED. R. CIV. P. 65(c).

10. This temporary restraining order shall take effect immediately and remain in force for 14 days, unless extended for good cause shown or by consent of the parties under FED. R. CIV. P. 65(b)(2).

11. The court will conduct a hearing on Plaintiffs' motion for preliminary injunction on _____, 2025 at \_\_\_ a.m. in Courtroom \_\_, Earl Cabell Federal Building and United

States Courthouse, 1100 Commerce Street, Dallas, Texas 75242-1003. Defendants shall appear and show cause why a preliminary injunction should not issue.

    **SO ORDERED.**

_____, 2025.

 

_____
SIDNEY A. FITZWATER
SENIOR UNITED STATES DISTRICT JUDGE