IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING and<br>MIRIAM CRYSTAL HERRERA,<br><br>　　Plaintiffs,<br><br>v.<br><br>WARDEN T. RULE, WILLIAM K.<br>MARSHALL, III, PAMELA J. BONDI,<br>and THE UNITED STATES OF<br>AMERICA,<br><br>　　Defendants.<br><br>ELIZABETH ANN HARDIN and<br>BRENDA LEIGH KIRK<br><br>　　[Proposed] Intervenor-Plaintiffs | §§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 4:25-CV-0157-D<br>(Consolidated with<br>Civil Action No. 4:25-CV-0438-D) |

**PROPOSED INTERVENOR-PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION TO INTERVENE**

Proposed Intervenor-Plaintiffs Elizabeth Ann Hardin and Brenda Leigh Kirk ("Intervenors") move the Court to allow them to intervene as plaintiffs.[1] A copy of their proposed Complaint-in-Intervention is attached as Exhibit A.

# I.
# INTRODUCTION

Intervenors seek to join a consolidated action that challenges the Bureau of Prisons' policy and practice of housing biological male inmates within the female population at FMC Carswell. Proposed Intervenors are biological women incarcerated at FMC Carswell who allege the same ongoing injuries from the same policies and conditions, and who seek substantially the same forward-looking relief as the existing Plaintiffs. Indeed, Intervenors are housed in the same unit as Plaintiff Rhonda Fleming.

Intervenors' claims present common questions of law and fact with the existing consolidated action. As to facts, Intervenors have witnessed the same men whom Defendants are housing at Carswell and have had similar experiences of having male inmates expose themselves in the shared bathrooms and showers. As to law, Intervenors similarly assert that this constitutes cruel and unusual punishment in violation of the Eighth Amendment and a violation of the right to bodily privacy under the Fifth Amendment.

Permitting intervention now, just one week after Plaintiffs filed their Verified Amended Complaint (ECF No. 61) and before the accompanying temporary restraining order/preliminary

---

[1] Plaintiffs Rhonda Fleming and Miriam Crystal Herrera do not oppose this motion. Undersigned counsel for the Proposed Intervenor-Plaintiffs attempted to confer with counsel for Defendants via email on Friday, November 7, 2025 and again on Monday, November 10, 2025, but did not receive a response.

injunction motion has been resolved, will promote efficiency, avoid duplication, and not prejudice any party.

## II.
## LEGAL STANDARD

The Federal Rules allow permissive intervention for anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Intervention is permissible when "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).

## III.
## ARGUMENT

### A. The Motion is Timely.

This case is at an early stage. On November 3, 2025, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary and Permanent Injunction, *see* ECF No. 58, and on November 4, 2025, Plaintiffs filed a Verified Amended Complaint, *see* ECF No. 61. Defendants have not yet filed any responsive pleading in this case.

Proposed Intervenors moved promptly after retaining *pro bono* counsel from the law firm Schaerr | Jaffe LLP. They promptly prepared a complaint that, for the administrative convenience of the court and all parties, closely tracks the claims and facts of the Verified Amended Complaint.

Moreover, Proposed Intervenors, as incarcerated individuals, do not have on-demand access to communications with counsel. Accordingly, their presence in this motion indicates their dispatch in seeking intervention.

### B. The Claims Share Common Questions of Law and Fact.

Proposed Intervenors are two women incarcerated at the same facility, and in the same unit, as Plaintiffs. The factual and legal overlap, in many ways, is complete.

The claims share the same facility and policies. Proposed Intervenors challenge the same BOP housing, shower, and toilet practices at FMC Carswell described in both the Plaintiffs' Verified Amended Complaint and in their own Proposed Complaint-in-Intervention.

The claims share the same legal theories. Both pleadings assert constitutional claims protecting bodily privacy and freedom from cruel and unusual punishment and both seek to set aside agency action under the APA, focusing on 28 C.F.R. § 115.42 and BOP transgender-housing guidance.

The claims share relief. Both sets of plaintiffs seek declaratory and injunctive relief ending the housing of male inmates within the female population and limiting access to showers and toilets to women only.

Altogether, this is a paradigmatic case for Rule 24(b)(1)(B) permissive intervention.

### C. Intervention Will Not Unduly Delay or Prejudice the Original Parties.

Proposed Intervenors add no new defendants and raise fewer legal theories than Plaintiffs (*i.e.*, no RFRA or FTCA claim). Discovery will cover identical factual ground; indeed, Ms. Kirk and Ms. Hardin would likely serve as witnesses or deponents in *Fleming v. Warden* regardless of whether they are granted intervention here. Their participation will aid the Court by supplying additional first-hand evidence from similarly situated women at the same facility, without requiring new issues or extended schedules. See Fed. R. Civ. P. 24(b)(3).

### D. Intervention Serves Judicial Economy and Mitigates Mootness Risk.

Denying intervention will likely spawn duplicative litigation. Ms. Hardin and Ms. Kirk are deeply and continuously injured through Defendants' policies of allowing male inmates into their

shared shower areas. They need judicial relief and will likely be forced to file a separate action if they cannot intervene here. Moreover, given that this court has already consolidated the cases of Ms. Fleming and Ms. Herrera, permitting intervention would further consolidate these materially identical claims into one judicial action, to the benefit of the original plaintiffs, defendants, and the court. As described above, discovery will cover identical factual ground and would involve the same deponents regardless of intervention. Ms. Kirk and Ms. Hardin's participation will aid the Court by supplying additional first-hand evidence from similarly situated women at the same facility, without requiring new issues or extended schedules. *See* Fed. R. Civ. P. 24(b)(3).

## IV.
## CONCLUSION

This motion is timely. The claims share common questions with the main action, and intervention will not delay or prejudice adjudication. Intervenors respectfully request that the Court exercise its broad discretion to grant permissive intervention under Rule 24(b)(1)(B).

Proposed Intervenor-Plaintiffs Elizabeth Ann Hardin and Brenda Leigh Kirk ask the Court to grant this Motion, direct the Clerk to file the attached Proposed Complaint-in-Intervention as of the date of the Court's order, and grant such other and further relief as is just and proper.

Dated: November 10, 2025                Respectfully submitted,

                                                                                                   */s/ John Greil*
                                                                                                   John Greil
              Tex. Bar No. 24110856
          Brian J. Field*
              D.C. Bar No. 985577
          Justin A. Miller
              Tex. Bar No. 24116768
          SCHAERR | JAFFE LLP
          1717 K Street NW, Suite 900
          Washington, DC 20006
          (202) 787-1060
          jgreil@schaerr-jaffe.com
          bfield@schaerr-jaffe.com
          jmiller@schaerr-jaffe.com

          *\* Motion for pro hac vice forthcoming*

          *Attorneys for Proposed Intervenor-Plaintiffs Elizabeth Ann Hardin and Brenda Leigh Kirk*

5

## **CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

## **CERTIFICATE OF CONFERENCE**

I hereby certify that undersigned counsel for the Proposed Intervenor-Plaintiffs conferred with counsel for Plaintiffs via email on Friday, November 7, 2025. Counsel for Plaintiffs indicated that they did not oppose the requested relief.

I likewise certify that undersigned counsel for the Proposed Intervenor-Plaintiffs attempted to confer with counsel for Defendants via email on Friday, November 7, 2025 and again on Monday, November 10, 2025, but did not receive a response.

*/s/ John Greil*  
John Greil