IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING and<br>MIRIAM CRYSTAL HERRERA,<br><br>        Plaintiffs,<br><br>VS.<br><br>WARDEN T. RULE, et al.,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:25:-CV-0157-D<br>(Consolidated with<br>Civil Action No. 4:25:-CV-0438-D) |

**<u>TEMPORARY RESTRAINING ORDER</u>**

Plaintiffs' November 3, 2025 motion for temporary restraining order ("TRO") is granted in part and denied in part.

Accordingly, it is ordered that defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this TRO by personal service or otherwise (collectively, "Defendants"), are restrained as follows.

1. For purposes of this TRO, "male inmate" means a person who is biologically male, regardless of gender identity.

2. This TRO applies to plaintiffs Rhonda Fleming and Miriam Crystal Herrera and to conditions of confinement at FMC Carswell.  Nothing in this TRO requires or authorizes action that would contravene any existing, valid federal court order.

3. Defendants are temporarily restrained from housing any male inmate within the general female population in any housing unit where either plaintiff is currently or will be housed during the pendency of this TRO.

4. Defendants are temporarily restrained from permitting any male inmate to enter or remain in any female-only privacy area (including showers, restrooms, changing areas, and

dormitory spaces) to which either plaintiff has access, so that plaintiffs are not exposed to male inmates while showering, toileting, dressing, or sleeping.

5. To comply with this TRO, Defendants may, in their discretion, (a) reassign male inmates away from plaintiffs' housing and privacy areas; or (b) house such inmates in a secure, segregated area at FMC Carswell (including the Hospital Unit or a comparable setting) that preserves access to programming and services while preventing access to female-only privacy areas. Nothing in this TRO requires disciplinary placement of any inmate.

6. If Defendants contend that compliance with this TRO would conflict with a specific, existing federal court order protecting a non-party, they must promptly notify plaintiffs and the court in writing, identify the conflicting order, and propose an alternative means of compliance.

7. The court finds that plaintiffs are incarcerated individuals of limited means who cannot give security. Accordingly, the security requirement of Fed. R. Civ. P. 65(c) is waived.

8. This TRO shall take effect immediately and shall expire 14 days after entry unless, before that time, the court, for good cause, extends it for a like period or Defendants consent to a longer extension.

**SO ORDERED**.

November 19, 2025 at 1:35 p.m.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE