IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING and<br>MIRIAM CRYSTAL HERRERA,<br><br>        Plaintiffs,<br><br>VS.<br><br>WARDEN T. RULE, et al.,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:25-CV-0157-D<br>(Consolidated with<br>Civil Action No. 4:25-CV-0438-D) |

## ORDER

Plaintiffs' November 25, 2025 partially unopposed motion to extend temporary restraining order and to set hearing on preliminary injunction is granted in part. With defendants' consent, the temporary restraining order entered in this case on November 19, 2025 is extended through December 19, 2025.

The court will address the balance of plaintiffs' motion—which requests that the court set the hearing on plaintiffs' motion for a preliminary injunction on December 18, 2025, concurrently with the evidentiary hearing already set on defendants' affirmative defense of failure to exhaust—after defendants have the opportunity to respond.

Although a ruling on that part of the motion awaits full briefing, the court notes its initial preference that the December 18, 2025 be confined to the exhaustion defense. If the court dismisses this action based on failure to exhaust, no preliminary injunction hearing will be needed. And if the court declines to dismiss based on exhaustion, a hearing can be held on the motion for a

preliminary injunction in early January 2026, or at such later time as the parties reasonably need to be ready for the hearing.[*]

**SO ORDERED**.

December 1, 2025.

                                              SIDNEY A. FITZWATER
                                              SENIOR JUDGE

---

[*]If it is necessary for any reason to extend the temporary restraining order beyond December 19, 2025, and defendants cannot consent to such an extension, the court will consider deciding the motion for a preliminary injunction on the papers, pursuant to Fed. R. Civ. P. 43(c). *See, e.g., FSLIC v. Dixon*, 835 F.2d 554, 558-59 (5th Cir. 1987); *E. E. Maxwell Co. v. Arti Decor, Ltd.*, 638 F. Supp. 749, 751 n.3 (N.D. Tex. 1986) (Fitzwater, J.). That preliminary injunction, if granted, would remain in place until an evidentiary hearing could be held.