IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | |
|---|---|
| RHONDA FLEMING, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 4:25-cv-00157-D |
| WARDEN T. RULE, *et al.*, | (Consolidated with Civil Action No. 4:25-cv-00438-D) |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PROPOSED
INTERVENOR-PLAINTIFFS' MOTION TO INTERVENE**

### I.   Introduction

The proposed intervenor-plaintiffs' motion to intervene is untimely and should therefore be denied.  As will be discussed, the proposed intervenors could have moved to intervene much earlier, Defendants would suffer prejudice if intervention is allowed at this late stage, and the potential intervenors would suffer little, if any, prejudice if they are not allowed to intervene.

### II.   Legal Standard

"On timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  "When determining whether a motion to intervene is timely, a court must consider the following four factors: (1) how long the potential intervener knew or reasonably should have known of her stake in the case into which she seeks to intervene;

(2) the prejudice, if any, the existing parties may suffer because the potential intervener failed to intervene when she knew or reasonably should have known of her stake in that case;[1] (3) the prejudice, if any, the potential intervener may suffer if the court does not let her intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001). Notwithstanding these factors, "[p]ermissive intervention under Rule 24(b) is wholly discretionary and may be denied even when the requirements of Rule 24(b) are satisfied." *Louisiana v. Burgum*, 132 F.4th 918, 923 (5th Cir. 2025) (internal quotation marks and citations omitted).

### III.   Argument and Authorities

Here, as will be discussed, intervention would be untimely and the motion to intervene should therefore be denied.

### A.   The potential intervenors could have intervened much earlier.

The proposed intervenor-plaintiffs argue that their motion is timely because it was filed within a week of Plaintiffs' motion for a temporary restraining order and preliminary and permanent injunction. Doc. 69, at 3.[2] On that basis, they conclude that the case "is at an early stage." *Id*. However, this litigation began almost ten months ago, on February 19, 2025, when Plaintiff Rhonda Fleming filed her initial complaint. *See*

---

[1] This factor is codified in Rule 24(b)(3): "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

[2] "Doc. __" citations refer to the items on the Court's electronic docket. The referenced page numbers are the ECF-generated page numbers at the top of the pages in each document.

Doc. 1.  At that time, both proposed intervenors were, like the current plaintiffs, inmates at the Federal Medical Center Carswell, housed on the same unit as Plaintiffs and allegedly sharing the same complaints.  The proposed intervenors have not explained why they waited until November 10, 2025, to file their motion.  The proposed intervenors could have moved to intervene much earlier and, accordingly, this factor weighs against granting their motion.

**B.      Defendants would suffer prejudice if intervention is allowed at this stage.**

Defendants contend that Plaintiffs have failed to exhaust the required administrative remedy process.  *See* Doc. 72, at 8–15.  In response, Plaintiffs argue that exhaustion should be excused because (1) they were allegedly thwarted from accessing the administrative remedy process, and (2) the administrative remedy process operates as a "simple dead end."  *See* Doc. 76, at 3–10.  To resolve whether Plaintiffs met the exhaustion requirement, the Court has scheduled a hearing for December 18, 2025.  *See* Doc. 86.

Exhaustion is a highly fact-specific question and must be examined as to each plaintiff.  To prepare for the upcoming exhaustion hearing, the government must review correspondence between Plaintiffs and prison administrators as well as the nuances of each plaintiff's administrative remedy history.  The government's preparation also includes meeting with potential witnesses and preparing them to discuss the specific exhaustion efforts that Plaintiffs allege they have attempted.  Allowing two new plaintiffs to intervene at this stage would double the amount of preparation required by the

government without adding any similar burden on the original plaintiffs or on the proposed intervenors.

Unlike Plaintiffs, the proposed intervenors allege that specific officials discouraged their participation in the administrative remedy program, even offering exact quotations of what the officials allegedly said. *See* Doc. 69-1, at 29–30. To address these claims, the government would need to identify the specific staff member or members accused, collect any relevant documents, interview and prepare relevant staff for the hearing, and present them at the hearing. This additional work would present numerous practical and logistical difficulties, especially in the middle of the holiday season with more staff on leave than usual.

The proposed intervenors do not address this last-minute burden that would be imposed on the government. Courts should be cautious that their "[z]eal to avoid a multiplicity of suits . . . will not hamper or vex the claims of the original parties." *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*, 207 F. Supp. 252, 257 (N.D. Ill. 1962), *aff'd*, 315 F.2d 564 (7th Cir. 1963). Here, the Court's general interest in minimizing the number of suits should give way to the parties' right to continue this litigation without multiplying the amount of discovery and preparation that is needed for the upcoming hearing.[3]

---

[3] That said, if the proposed intervenors file a new lawsuit, Defendants will consider not opposing any motion to consolidate that case with the instant case if doing so would not prejudice Defendants' interests.

**C.     The potential intervenors would suffer little, if any, prejudice if they are not allowed to intervene.**

Finally, the proposed intervenors face little to no prejudice if their motion to intervene is denied. "In acting on a request for permissive intervention, it is proper to consider, among other things, whether the intervenors' interests are adequately represented by other parties and whether they will significantly contribute to full development of the underlying factual issues in the suit." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984) (internal quotation marks and citations omitted).

Here, the current plaintiffs wholly represent the proposed intervenors' interests. The proposed intervenors acknowledge that they are "housed in the same unit" as Plaintiffs. Doc. 69, at 2. Not only are they housed with Plaintiffs, but they also share all private spaces in common with them. As a result, the proposed intervenors are currently unintended but nevertheless real beneficiaries of the present temporary restraining order. If Plaintiffs succeed in securing a preliminary or permanent injunction, the potential intervenors would continue to benefit. Even if the proposed intervenors were reassigned to new housing units—a speculative possibility not currently at issue—they have secured pro bono counsel and could immediately seek an additional TRO. Accordingly, if intervention is denied, the proposed intervenors would suffer little to no harm.

### IV.     Conclusion

For the foregoing reasons, Proposed Intervenor-Plaintiffs' motion to intervene should be denied.

        Respectfully submitted,

        RYAN RAYBOULD
        UNITED STATES ATTORNEY

        <u>/s/ Lisa R. Hasday</u>
        Lisa R. Hasday
        Assistant United States Attorney
        Texas Bar No. 24075989
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699
        Telephone:   214-659-8737
        Facsimile:    214-659-8807
        lisa.hasday@usdoj.gov

        Attorneys for Defendants

<u>Certificate of Service</u>

On December 1, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        <u>/s/ Lisa R. Hasday</u>
        Lisa R. Hasday
        Assistant United States Attorney