## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING and | § | |
| MIRIAM CRYSTAL HERRERA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-157-D |
| | § | (Consolidated with |
| WARDEN T. RULE, WILLIAM K. | § | Civil Action No. 4:25-cv-438-D) |
| MARSHALL, III, PAMELA J. BONDI, | § | |
| and UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFFS' OPPOSED MOTION FOR ISSUANCE OF
### WRITS OF HABEAS CORPUS AD TESTIFICANDUM AND
### REQUEST FOR EXPEDITED CONSIDERATION

Pursuant to 28 U.S.C. § 2241(c)(5) and the Court's inherent authority, Plaintiffs Rhonda Fleming and Miriam Crystal Herrera ("Plaintiffs") respectfully move for the issuance of writs of habeas corpus ad testificandum to secure their attendance at the Court-ordered evidentiary hearing on Defendants' affirmative defense of failure to exhaust, scheduled for December 18, 2025, at 10:00 a.m. at the Eldon B. Mahon United States Courthouse in Fort Worth, Texas. Dkt. 86. In support, Plaintiffs would show the Court the following:

On November 20, 2025, the Court set an evidentiary hearing to resolve Defendants' exhaustion defense and expressly directed that, if Plaintiffs wish to testify, they must "timely arrange for the issuance and service" of the necessary writs. Dkt. 86. Plaintiffs intend to testify to material facts regarding the exhaustion of administrative remedies under the PLRA. To facilitate their appearance, Plaintiffs hereby submit completed Applications for Writs of Habeas Corpus ad Testificandum for each Plaintiff. *See* Exhibit A (Application of Miriam Herrera); Exhibit B (Application of Rhonda Fleming).

1

Ms. Herrera is currently housed at FMC Carswell in Fort Worth, and Ms. Fleming was recently transferred to a minimum security prison camp adjacent to FCI Marianna in Florida ("FPC Marianna"). Because both Plaintiffs are incarcerated, neither can appear at the December 18 hearing absent issuance of writs from this Court.

Federal courts may order the production of incarcerated witnesses when their testimony is necessary to the resolution of a case. *See* 28 U.S.C. § 2241(c)(5); *Barber v. Page*, 390 U.S. 719, 724 (1968). The issuance of these writs is warranted where a detainee's testimony will substantially further the resolution of the case and their presence would not cause unreasonable security risks. *See ITEL Cap. Corp. v. Dennis Min. Supply & Equip. Inc.*, 651 F.2d 405, 407 (5th Cir. July 24, 1981). Such writs are properly directed to the custodian of the incarcerated witness, i.e., the warden of the facility that has custody of the detainee.[1] "[O]nce a [custodian] has complied with a writ of habeas corpus ad testificandum, the district court may properly issue such orders to the United States Marshals Service and the Federal Bureau of Prisons as, in the judgment of the court, will best assure the testimony and presence of the prisoner." *Rivera v. Santirocco*, 814 F.2d 859, 864 (2d Cir. 1987). "The decision to issue the writ rests within the discretion of the district court." *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977).

Plaintiffs' testimony is essential to resolving Defendants' exhaustion defense. The evidentiary hearing set for December 18 concerns whether Plaintiffs properly exhausted

---

[1] *See Pa. Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 38 (1985) (concluding that writs of habeas corpus ad testificandum are "properly directed only to the custodian, and that there [is] no basis in the habeas corpus statute . . . to direct a writ ad testificandum to a noncustodian"); *Jackson v. Collins*, No. 5:01CV260, 2007 WL 1671729, at *2 (E.D. Tex. June 8, 2007) ("The Supreme Court has held that writs of habeas corpus ad testificandum may be issued only to the custodian of the prisoner, and not to the United States Marshals Service, to secure the presence of a prisoner." (citing *Pa. Bureau of Correction*, 474 U.S. at 38)); *see also Atkins v. City of New York*, 856 F. Supp. 755, 757 (E.D.N.Y. 1994) ("The purpose of this writ [of habeas corpus ad testificandum] is to direct the **custodian** of a prisoner to produce such prisoner for appearance in court.") (emphasis added); *Gilmore v. United States*, 129 F.2d 199, 202 (10th Cir. 1942) ("The writ of habeas corpus ad testificandum is a common law writ of ancient origin. Its object is to direct the **custodian** of a desired witness who is incarcerated to bring such witness into court to give testimony.") (emphasis added).

administrative remedies under the PLRA, and Plaintiffs possess first-hand knowledge of the grievance procedures available to them, the conduct of BOP officials, and the obstacles they encountered in attempting to exhaust. Their testimony will substantially further the resolution of the case, and the Court's ability to evaluate Defendants' affirmative defense depends on a full and accurate account of Plaintiffs' experiences.

Ms. Herrera's request is simple and straightforward. She seeks issuance of a writ that will enable her transfer from FMC Carswell in Fort Worth to the federal courthouse in Fort Worth on December 18. *See* Ex. A. Her production for the hearing presents no unusual risk, burden, or cost to the government.

Ms. Fleming's request is more complicated. Since the November 17 hearing on Plaintiffs' TRO Motion, Ms. Fleming was transferred (willingly) to a federal prison camp in Florida. She was not transported to Florida by the U.S. Marshals. Instead, the Warden at FMC Carswell issued her a short furlough that enabled her to travel via commercial airline and self-report to FPC Marianna. Ms. Fleming has no history of escape attempts or violence and has successfully completed multiple similar furloughs. She is currently accruing First Step Act (FSA) credits, which would cease if she were no longer in BOP custody. To preserve her custodial status while enabling counsel access and ensuring her attendance at the hearing, Ms. Fleming respectfully requests that the writ direct her custodian, Warden J. Gabby of FCI Marianna, to transfer her on or before December 15, 2025, to the Federal Residential Re-Entry Center in Fort Worth,[2] where she may remain in custody

---

[2] Ms. Fleming requests to be housed at the federal halfway house because, if she were instead housed in a county jail under U.S. Marshals Service custody, her understanding is that she would no longer be eligible to earn FSA credits and would therefore lose the ability to accrue those credits during the pendency of these proceedings. County jails also typically lack the medical continuity and pulmonary care available within BOP facilities, which is of particular concern given Ms. Fleming's COPD condition.

through January 14, 2026,[3] unless otherwise ordered. Placement at the halfway house will allow Ms. Fleming to maintain her FSA credits, ensure continuity of care, and minimize security or logistical concerns associated with long-distance transport. And such placement is within the Court's discretion to order.[4]

Plaintiffs therefore respectfully request that the Court issue a writ of habeas corpus ad testificandum directing the Warden of FMC Carswell to produce Miriam Crystal Herrera at the December 18, 2025 evidentiary hearing and return her to FMC Carswell thereafter. Plaintiffs further request that the Court issue a writ directing Warden J. Gabby of FCI Marianna (and the adjacent prison camp) to produce Rhonda Fleming by transferring her on or before December 15, 2025, to the Federal Residential Re-Entry Center 2710 Avenue J, Fort Worth, TX 76105 (where she may remain in custody through January 14, 2026, unless otherwise ordered) and to make her available to testify at the December 18, 2025 evidentiary hearing. Because Plaintiffs' testimony is essential to resolving Defendants' exhaustion defense, Plaintiffs respectfully ask the Court to grant this motion and issue the requested writs of habeas corpus ad testificandum.

---

[3] Ms. Fleming's continued placement at the Federal Residential Re-Entry Center through January 14, 2026, is necessary to allow Plaintiffs' counsel sufficient time to prepare her for a likely preliminary injunction hearing should the Court decline to consolidate that hearing with the December 18 evidentiary hearing. Maintaining her custody at the Fort Worth re-entry center during this period ensures ready attorney access and avoids the logistical and custodial disruptions that would result from returning her to Florida only to transport her again for a subsequent hearing.

[4] "If the business of the court for which the prisoner's attendance has been commanded is to be transacted without undue interruption, the court must be able to make such orders as it may find necessary to ensure the attendance of the prisoner." *Rivera*, 814 F.2d at 863. "Under such circumstances, a federal court may use the All Writs Act as authority to order the Bureau of Prisons to house a prisoner, and the Marshals Service to transport the prisoner between the courthouse and the MCC, until he is remanded back to the state's custody." *Id.*

Respectfully submitted,

BROWN FOX PLLC

By: */s/ Cortney C. Thomas*
   Cortney C. Thomas
    Texas Bar No. 24075153
    cort@brownfoxlaw.com
   C. Alan Carrillo
    Texas Bar No. 24109693
    alan@brownfoxlaw.com
   Andrew C. Debter
    Texas Bar No. 24133954
    andrew@brownfoxlaw.com
   8111 Preston Road, Suite 300
   Dallas, TX 75225
   T: 214.327.5000
   F: 214.327.5001

*Attorneys for Plaintiffs Rhonda Fleming and Miriam Crystal Herrera*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Plaintiffs conferred with counsel for Defendants regarding this motion. Counsel for Defendants stated that Defendants oppose the motion because, in their view, a writ to a prison warden is improper and only the U.S. Marshals Service has the authority to transport and house federal prisoners whose presence is required at a federal court proceeding.

*/s/ Cortney C. Thomas*
Cortney C. Thomas

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic filing system.