IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | |
|---|---|
| RHONDA FLEMING, *et al*., | |
| Plaintiffs, | |
| v. | Civil Action No. 4:25-cv-00157-D |
| WARDEN T. RULE, *et al*., | (Consolidated with Civil Action No. 4:25-cv-00438-D) |
| Defendants. | |

**DEFENDANTS' MOTION TO PROCEED WITH THE EXHAUSTION HEARING WITHOUT DEPOSITIONS OR, IF DEPOSITIONS ARE ALLOWED, TO RESET THE EXHAUSTION HEARING**

Defendants move to proceed with the exhaustion hearing on December 18, 2025 without the taking of depositions beforehand or, if such depositions are allowed, to reset the exhaustion hearing to allow sufficient time for the taking of such depositions.

\*   \*   \*

On November 17, 2025, after discussion with the parties' attorneys at a hearing that day, the Court directed the parties to advise the Court of dates between December 8, 2025 and December 23, 2025 when they could be available for an evidentiary hearing on the affirmative defense of exhaustion of Plaintiffs' claims. *See* Doc. 80. On November 20, 2025, pursuant to the parties' request, the Court set the hearing for December 18, 2025. *See* Docs. 84, 86. When Defendants' counsel agreed on November 17, 2025 to a hearing date in mid-December 2025, counsel did so with an understanding that the

hearing would occur without extensive discovery beforehand, including the taking of depositions, which Defendants do not consider essential for the hearing to take place.

Subsequently, Plaintiffs' counsel have requested to depose, at the end of this week or early next week, all witnesses whom Defendants plan to call at the hearing who have not executed a declaration in support of this litigation.  If depositions are to be allowed before the hearing, Defendants respectfully request that the Court reset the hearing to allow sufficient time for those depositions to occur.  Defendants plan to present one or two witnesses who have not provided a declaration and, if depositions are allowed to take place before the hearing and if Plaintiffs depose Defendants' witnesses, then Defendants in turn plan to depose both plaintiffs.[1]  Accordingly, three or four depositions would be needed.  In the approximately one week that remains before the hearing, there is insufficient time to adequately prepare for those depositions, conduct those depositions, and receive and review transcripts of those depositions, in addition to all the other preparation that is necessary before the hearing aside from any depositions.[2]

---

[1] One of Defendants' planned witnesses has been on leave status since December 3, 2025.  Due to a recent death in the witness' family, it is not clear when the witness will return to duty status, which makes the witness' appearance at a hearing on December 18, 2025 uncertain and the taking of the witness' deposition additionally complicated.

[2] To depose Plaintiffs, Defendants would need to file a motion for leave to do so pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), which would take time away from substantively preparing for the hearing.  Substantive preparation time has already been reduced by additional unanticipated motions practice for this case.  *See, e.g.*, Doc. 95 (Defendants' response to Plaintiffs' motion for issuance of writs of habeas corpus ad testificandum).  Defendants must also prepare a response, by December 16, 2025, to Plaintiffs' partially unopposed motion to extend temporary restraining order and to set hearing on preliminary injunction.  *See* Doc. 88.  Furthermore, in addition to their work on the instant case, both the undersigned counsel and agency counsel have been handling abnormally large caseloads due to staff departures in their respective offices.  Agency counsel's workload has been abnormally large for the additional reason that he was one of only two attorneys consistently handling cases for his office during the government shutdown.  Those cases generally were not reassigned after his two furloughed attorney-colleagues returned to the office at the conclusion of the shutdown.  Agency counsel's office handles all agency litigation in the Northern and Western Districts of Texas.

**Defendants' Motion to Proceed with the Exhaustion Hearing Without Depositions or, if Depositions Are Allowed, to Reset the Exhaustion Hearing – Page 2**

Moreover, it is not clear that the Federal Rules of Civil Procedure even allow the taking of depositions at this stage of the litigation. Pursuant to Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." The parties held a tentative Rule 26(f) conference via an audio Teams call on November 20, 2025, but discussed that such a conference was premature and ultimately, at the suggestion of Plaintiffs' counsel, filed a joint motion for an extension of time to file a joint scheduling proposal, which the Court granted. *See* Docs. 91, 92.

If depositions are allowed, resetting the hearing to provide sufficient time for depositions to occur would not cause undue delay. A temporary restraining order is already in place for this case, and Defendants are willing to extend the TRO at least until any reset hearing should take place. Plaintiff Rhonda Fleming is no longer housed at FMC Carswell, where she contends that the alleged harm occurred. And Plaintiff Miriam Crystal Herrera, who alleges retaliation for being considered for transfer to another institution, has expressed a desire to stay at FMC Carswell. Lastly, Defendants note that, while these proceedings are ongoing, Plaintiffs are free to engage with the administrative remedy process should they choose.

*     *     *

Accordingly, Defendants move to proceed with the exhaustion hearing without the taking of depositions beforehand or, if such depositions are allowed, to reset the exhaustion hearing to allow sufficient time for the taking of such depositions.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney
Texas Bar No. 24075989
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8737
Facsimile:   214-659-8807
lisa.hasday@usdoj.gov

Attorneys for Defendants

Certificate of Conference

I certify that, on December 10, 2025, I conferred with Plaintiffs' counsel regarding this motion, and counsel stated their position as follows: "Plaintiffs are opposed to a continuance of the exhaustion hearing. Based upon the information currently available to counsel, Plaintiffs are also opposed to Defendants calling any witness at the exhaustion hearing for whom Plaintiffs have not first been provided an opportunity to depose such witness, other than the two declarants who previously provided sworn testimony in connection with Defendants' response to the motion for injunctive relief."

/s/ Lisa R. Hasday  
Lisa R. Hasday  
Assistant United States Attorney

Certificate of Service

On December 10, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Lisa R. Hasday  
Lisa R. Hasday  
Assistant United States Attorney