IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RHONDA FLEMING and <br> MIRIAM CRYSTAL HERRERA, <br><br> Plaintiffs, <br><br> VS. <br><br> WARDEN T. RULE, et al., <br><br> Defendants. | Civil Action No. 4:25-CV-0157-D <br> (Consolidated with <br> Civil Action No. 4:25-CV-0438-D) |

MEMORANDUM OPINION
AND ORDER

The November 10, 2025 motion of Elizabeth Ann Hardin and Brenda Leigh Kirk to intervene permissively is granted.* The clerk of court is directed to docket as a separate entry on the docket sheet intervenors' proposed complaint-in-intervention. *See* ECF No. 69-1.

District courts have broad discretion in granting motions to intervene permissively. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

---

*Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

> [Fed. R. Civ. P.] 24(b)(2) provides for permissive intervention when (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

*Id.* at 189 n.2.

The court concludes that the motion to intervene is timely under the circumstances of this case, that intervenors' claims and the main action have a question of law or fact in common, and that intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

**SO ORDERED**.

December 19, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE