IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING and<br>MIRIAM CRYSTAL HERRERA, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 4:25-CV-0157-D |
| | § | (Consolidated with |
| and | § | Civil Action No. 4:25-CV-0438-D) |
| | § | |
| ELIZABETH ANN HARDIN and<br>BRENDA LEIGH KIRK, | § | |
| | § | |
| | § | |
| Intervenor-Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| WARDEN T. RULE, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

On December 18, 2025 the court conducted an evidentiary hearing on defendants'
affirmative defense that plaintiffs Rhonda Fleming ("Fleming") and Miriam Crystal Herrera
("Herrera") failed to exhaust their administrative remedies and that the court should not
proceed further with plaintiffs' motion for a preliminary injunction. Having considered the
testimony and exhibits admitted in the hearing record, the court finds and concludes that
defendants have failed at this preliminary stage to demonstrate that they are likely to prevail
on their exhaustion defense.

I

On November 3, 2025 Fleming and Herrera moved for a temporary restraining order and preliminary and permanent injunctions. Defendants' opposition to the motion was principally confined to one ground: that Fleming and Herrera failed to exhaust their administrative remedies before filing their complaints, as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a).[*] Defendants have not contended so far that Fleming and Herrera are otherwise unable to show that they are likely to succeed on the substantive merits of their claims.

On December 18, 2025 the court conducted an evidentiary hearing on defendants' affirmative defense of exhaustion. It did so in its discretion in advance of a hearing on plaintiffs' preliminary injunction motion because such a hearing would be unnecessary if plaintiffs failed to exhaust their administrative remedies.

II

The parties' burdens at the preliminary injunction stage track their respective burdens at trial. *See LIA Network v. City of Kerrville*, ___F.4th ___, 2025 WL 3684253, at *6 n.31 (5th Cir. Dec. 19, 2025) (citing *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006)). Because failure to exhaust is an affirmative defense, the burden is on defendants to plead and prove that Fleming and Herrera failed to exhaust their available administrative remedies. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing

---

[*]Defendants did challenge Fleming's retaliation-based claim on the merits.

- 2 -

*Jones v. Bock*, 549 U.S. 199, 216 (2007)). "Courts analyze a prisoner's exhaustion under the preponderance of the evidence standard." *Knox v. Johnson*, 2024 WL 383626, at *2 (N.D. Ill. Feb. 1, 2024) (citing *Hebron v. Baldwin*, 2020 WL 757900, *1 (N.D. Ill. Feb. 14, 2020)). At the preliminary injunction stage, however, defendants bear the burden of demonstrating a likelihood that their affirmative defense will succeed. *See MC3 Invs. LLC v. Loc. Brand, Inc.*, 661 F.Supp.3d 1145, 1159 (N.D. Fla. 2023) (citing, *inter alia*, *Gonzales*, 546 U.S. at 429).

Having considered the testimony and exhibits admitted in the hearing record, the court finds and concludes that defendants have failed to demonstrate at this preliminary stage a likelihood that their exhaustion defense will succeed: that is, that they have failed to demonstrate that they are likely able to show that, before Fleming and Herrera filed their complaints, administrative remedies were available to them to address the specific concerns about male transgender-identifying inmates at FMC Carswell that form the basis of their claims in this lawsuit. *See Valentine v. Collier*, 956 F.3d 797, 804 (5th Cir. 2020) (citing *Ross v. Blake*, 578 U.S. 632, 643-44 (2016) (describing circumstances under which an administrative procedure is deemed unavailable)); *see also Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015) (citing *Aceves v. Swanson*, 75 Fed. Appx. 295, 296 (5th Cir. 2003) (per curiam) (holding that remedies are not available to a prisoner if officials refuse to provide the prisoner with forms needed to exhaust administrative remedies)). Accordingly, defendants' exhaustion defense does not preclude Fleming and Herrera from proceeding with their preliminary injunction motion.

III

The court directs that, no later than January 5, 2026, counsel jointly advise the court which of the following dates they can be available for a hearing on plaintiffs' motion for a preliminary injunction: January 12, 13, 16, 20, 22, 23, 26, 27, and 30, 2026.

**SO ORDERED**.

December 30, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE