**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RHONDA FLEMING and MIRIAM CRYSTAL HERRERA,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**WARDEN T. RULE, WILLIAM K. MARSHALL, III, PAMELA J. BONDI, and UNITED STATES OF AMERICA,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:25-cv-157-D (Consolidated with Civil Action No. 4:25-cv-438-D)** |

**JOINT STATUS REPORT**

Plaintiffs Rhonda Fleming and Miriam Crystal Herrera ("Plaintiffs") and Defendants (collectively, the "Parties"), by and through undersigned counsel, file this status report to provide the Court with an update on the Parties' current discussions about a potential agreed permanent injunction and certain other matters relevant to this case.

As to a permanent injunction, Defendants previously informed the Court that they have no objection to the Court's converting the existing temporary restraining order ("TRO") into a permanent injunction in favor of Plaintiffs. Plaintiffs are generally in agreement with converting the TRO into a permanent injunction. However, Plaintiffs and Defendants have been unable to agree to a limited number of topics and therefore seek the Court's guidance.

First, Plaintiffs understand the TRO's statement that "[t]his TRO applies to plaintiffs Rhonda Fleming and Miriam Crystal Herrera and to conditions of confinement at FMC Carswell" to mean that it applies *both* to Plaintiffs Fleming and Herrera *and* to the conditions of confinement at FMC Carswell more generally. This is of particular importance in light of Fleming's transfer from FMC Carswell and Defendants' expressed intent to move Herrera away from FMC Carswell

at some point in the future. Plaintiffs have proposed additional language clarifying that a permanent injunction does not only apply to Plaintiffs' confinement at FMC Carswell but would continue to preclude Defendants from potentially housing Plaintiffs with male inmates at other facilities as well. Defendants continue to hold the position that they do not want to house any male inmates with female inmates (regardless of what the institution is), but they have some operational concerns about Plaintiffs' interpretation of the Court's Order (as well as Plaintiffs' proposed language) in relation to the scope of this case (which has focused on conditions at FMC Carswell) and based on questions about how, if adopted, Plaintiffs' language might apply at other institutions where the conditions are different than at FMC Carswell (for example, in some institutions there are locked doors on individual cells where inmates sleep and have toileting facilities, unlike in the general-population units at FMC Carswell).

Second, Plaintiffs believe the most efficient resolution of the injunctive relief as to Plaintiffs at FMC Carswell, including as to the Intervening Plaintiffs at FMC Carswell, would be to *require* Defendants to house all male inmates in a segregated unit at FMC Carswell. Under the current TRO as applied to Plaintiffs, Defendants instead have the option of *either* moving male inmates out of certain units *or* housing them in a segregated unit. The Parties agree that moving all male inmates currently incarcerated at FMC Carswell to a segregated unit seemingly would be the most straightforward way of addressing all plaintiffs' (including Intervening Plaintiffs') concerns in this case (short of removing the male inmates from FMC Carswell entirely). Plaintiffs believe that such an order would not conflict with the existing *Doe v. Bondi* injunction, which requires the government to "maintain and continue [the Doe plaintiffs'] housing status in women's

facilities . . . as it existed immediately prior to January 20, 2025,"[1] and that the *Doe v. Bondi* injunction cannot reasonably be read to require Defendants to keep all male federal inmates in the same cell or unit as female federal inmates; instead, it only requires that the *Doe v. Bondi* plaintiffs remain housed at a women's federal facility unless that injunction is vacated on appeal or mooted. The government believes that the preliminary injunction currently in effect in *Doe v. Bondi* prohibits it from housing the male inmates in a "secure, segregated area" at FMC Carswell (which would essentially require activating a new, all male housing unit and then transferring male inmates there).

Plaintiffs have also suggested additional, minor tweaks to language from the original TRO. A draft Stipulated Order of Permanent Injunction and Final Judgment (the "Proposed Order") is being filed concurrently with this Joint Status Report. Plaintiffs' proposed modifications to the TRO's language are included in the Stipulated Order in redline.[2]

Separately, with respect to Plaintiffs' Administrative Procedure Act ("APA") claim ("Fourth Cause of Action" in the amended complaint) that challenges certain provisions within 28 C.F.R. § 115.42 (specifically, subsections (c) through (g)), Defendants have no objection to those provisions being vacated, held unlawful, and set aside as to Plaintiffs. Plaintiffs believe that under 5 U.S.C. § 706(2) and established Fifth Circuit precedent, vacatur of these provisions should be applicable nationwide and not just to Plaintiffs. Plaintiffs will be prepared to present a condensed argument to the Court, based upon evidence already in the record and arguments previously submitted to the Court, at the January 30 hearing.

---

[1] *See* Order Granting Preliminary Injunction, *Doe v. Bondi*, No. 1:25-CV-286-RCL (D.D.C. Nov. 17, 2025) (a copy of which is attached).

[2] The redline shows the principal substantive modifications; there are also other minor differences in language that are not redlined that do things like change TRO references to the applicable language of a permanent injunction.

Finally, simultaneously with the filing of this Joint Status Report, Plaintiffs are also submitting proposed findings of fact and conclusions of law in support of their requests for injunctive relief and vacatur.

The Parties are hopeful that they can continue working through these and other related issues and believe the upcoming hearing will be productive to get the Court's input. The Parties will also be prepared to conduct a scheduling conference as to Plaintiffs' remaining causes of action.

Respectfully submitted,

BROWN FOX PLLC

By: /s/ *Cortney C. Thomas*
Cortney C. Thomas
Texas Bar No. 24075153
cort@brownfoxlaw.com
C. Alan Carrillo
Texas Bar No. 24109693
alan@brownfoxlaw.com
Andrew C. Debter
Texas Bar No. 24133954
andrew@brownfoxlaw.com
8111 Preston Road, Suite 300
Dallas, TX 75225
T: 214.327.5000
F: 214.327.5001

*Attorneys for Plaintiffs Rhonda Fleming and Miriam Crystal Herrera*

Ryan Raybould
United States Attorney

*/s/ Brian W. Stoltz*
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8626
Facsimile: 214-659-8807
brian.stoltz@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic filing system.