IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING and<br>MIRIAM CRYSTAL HERRERA,<br><br>    Plaintiffs,<br><br>v.<br><br>WARDEN T. RULE, WILLIAM K.<br>MARSHALL, III, PAMELA J. BONDI,<br>UNITED STATES OF AMERICA,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:25-CV-0157-D<br>(Consolidated with<br>Civil Action No. 4:25-CV-0438-D) |

**STIPULATED ORDER OF PERMANENT INJUNCTION AND FINAL JUDGMENT**

Plaintiffs Rhonda Fleming and Miriam Crystal Herrera and Defendants (collectively, the "Parties") agree to entry of this Stipulated Order of Permanent Injunction and Partial Final Judgment ("Stipulated Order of Permanent Injunction") as follows:

For purposes of this Order, "male inmate" means a person who is biologically male, regardless of gender identity.

A.  This Order applies only to Plaintiffs Fleming and Herrera and to conditions of confinement at FMC Carswell. Nothing in this Order requires or authorizes action that would contravene any existing, valid federal court order.

B.  Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Order are permanently enjoined from housing any male inmate within the general female population in any housing unit in which either Plaintiff is housed.

C.  Defendants are permanently enjoined from permitting any male inmate to enter or remain in any privacy area (including showers, restrooms, changing areas, and dormitory spaces)

to which either Plaintiff has access, such that Plaintiffs are not exposed to male inmates while showering, toileting, dressing, or sleeping.

D. To comply with this order, defendants may, in their discretion, (a) reassign male inmates away from Plaintiffs' housing and privacy areas; or (b) house such inmates in a secure, segregated area at FMC Carswell (including the Hospital Unit or a comparable setting) that preserves access to programming and services while preventing access to female-only privacy areas. Nothing in this order requires disciplinary placement of any inmate.

E. If Defendants contend that compliance with this Stipulated Order of Permanent Injunction would conflict with a specific, existing federal court order protecting a non-party, Defendants shall promptly notify Plaintiffs and the Court in writing, identify the purported conflict, and propose an alternative means of compliance consistent with Plaintiffs' constitutional rights.

F. The Court finds that Plaintiffs are incarcerated individuals of limited means. Accordingly, the security requirement of Federal Rule of Civil Procedure 65(c) is waived.

G. The Court retains jurisdiction to enforce this Stipulated Order of Permanent Injunction.

H. Pursuant to Federal Rule of Civil Procedure 54(b), the Court expressly determines that there is no just reason for delay and directs the clerk of court to enter this as a final judgment.

**SO ORDERED.**

February 2, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE