IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

RHONDA FLEMING and MIRIAM
CRYSTAL HERRERA,

     Plaintiffs,

v.

WARDEN T. RULE, et al.,

     Defendants.

Civil Action No. 4:25-CV-157-D
(consolidated with No. 4:25-CV-438-D)

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNTS
FIVE AND SIX OF PLAINTIFFS' VERIFIED AMENDED COMPLAINT**

Plaintiffs' response to Defendants' motion to dismiss concedes that the Federal

Tort Claims Act claim of Plaintiff Rhonda Fleming in count six is subject to dismissal.

(*See* Doc. 139 at 1.)  For purposes of the motion to dismiss, that leaves at issue only

Plaintiff Crystal Herrera's claim in count five, by which she seeks to challenge any future

transfer out of FMC Carswell.  Defendants explained in their motion to dismiss that this

claim should be dismissed because (1) a federal statute at 18 U.S.C. § 3621(b) vests the

Federal Bureau of Prisons with discretion to determine where to house inmates, and states

that such decisions are not reviewable in court, and (2) Herrera's allegations were in any

event too speculative and conclusory to state any claim for relief.  (*See* Doc. 130 at 6–9.)

Herrera argues against dismissal in her response to the motion to dismiss, but as

explained below her arguments are unavailing and dismissal is proper at this time.

     1.     Herrera first argues that § 3621(b) does not preclude judicial review

**Reply in Support of Defendants' Motion to Dismiss Counts
Five and Six of Plaintiffs' Verified Amended Complaint – Page 1**

because the statute "does not purport to bar review of constitutional claims." (Doc. 139 at 3.) But Herrera provides no textual support for this argument. The statute is in fact fairly broad in the language it uses to preclude judicial review, by stating that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b). Even a constitutional provision like the First Amendment is an "other provision of law," so it is not clear from the text of the statute alone why Herrera's claims would somehow be exempt from the bar on judicial review.

Additionally, although Herrera cites *Webster v. Doe*, 486 U.S. 592, 603 (1988), for the general proposition that there must "sufficient clarify" before constitutional claims are held to be precluded by a statute, (Doc. 139 at 5), the statute at issue in *Doe* (§ 102 of the National Security Act) did not actually preclude judicial review at all, *see Doe*, 486 U.S. 594. Instead, the government was relying on a separate general provision within the Administrative Procedure Act (APA) that exempts "agency action . . . committed to agency discretion by law" from review under the APA. *See id.* at 597. The Supreme Court found this provision insufficient to bar review, though, explaining that "[n]othing in § 102(c) persuades us that Congress meant to preclude consideration of colorable constitutional claims arising out of the actions of the [agency head] pursuant to that section." *Id.* at 603. This result makes sense, given that § 102 did not contain any provision purporting to bar judicial review. *See id.* at 594. Here, on the other hand, the relevant statute—§ 3621(b)—does include such a provision, and furthermore, that provision specifies that it operates "[n]otwithstanding any other provision of law." *See*

**Reply in Support of Defendants' Motion to Dismiss Counts**
**Five and Six of Plaintiffs' Verified Amended Complaint – Page 2**

18 U.S.C. § 3621(b).  Thus, the kind of "sufficient clarity" that the Supreme Court understandably found lacking in *Doe* is in fact present here.

Moreover, even to the extent *Doe* might be taken to announce a kind of clear-statement rule for jurisdiction-stripping provisions, the Fifth Circuit has subsequently explained that "the foundations of *Doe*'s constitutional doubt have been undermined since it was decided," and that "*Doe* appears to have invoked constitutional avoidance from a concern that Congress would intrude on the judicial power by precluding review of 'colorable constitutional claim[s],'" "[b]ut the [Supreme] Court has since repudiated that concern."  *Zummer v. Sallett*, 37 F.4th 996, 1010, 1011 (5th Cir. 2022).

The other cases Herrera cites in support of her arguments are also unavailing, as they are either inapplicable or distinguishable.  (*See* Doc. 139 at 4.)  In *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 492 (1991), the Supreme Court was considering a provision of the Immigration and Nationality Act that barred judicial review of any agency "*determination* respecting *an application*" for a "Special Agricultural Workers" (SAW) amnesty program.  *Id.* at 492 (emphasis added by the Supreme Court).  The emphasized words in the preceding sentenced were deemed by the Supreme Court to be the "critical words" in the statute that operated to narrow the scope of the bar on judicial review to only those claims challenging the "single act" of an individual denial of SAW status, i.e., "the denial of an individual application."  *Id.* at 491, 492.  On the other hand, because of the way the statute was worded, it did not bar review of claims of a larger "pattern or practice of procedural due process violations by the Immigration and Naturalization Service (INS) in its administration of the SAW

**Reply in Support of Defendants' Motion to Dismiss Counts**
**Five and Six of Plaintiffs' Verified Amended Complaint – Page 3**

program." *Id.* at 491. The statute relevant to Herrera's claim has no similar language. And, Herrera is not bringing a broadbased pattern-or-practice challenge, but rather is simply attempting to litigate a discrete decision (or hypothetical future decision) to transfer her and her alone. *McNary* is thus doubly inapplicable.

The next case cited by Herrera, *Ahmad v. Jacquez*, 860 F. App'x 459, 462 (9th Cir. 2021), also does not support her claim—in fact it cuts against her. There, the Ninth Circuit specifically noted that § 3621(b) "strips the court of jurisdiction to consider [the plaintiff's] individual challenge," while allowing that the statute "does not preclude review of all challenges that might implicate individual designation decisions." *Id.* at 462. The problem, though, was that the plaintiff was challenging his own individual designation to a particular prison: although he was attempting to frame his argument on appeal as a broader argument "that the BOP Program Statement contravenes the specific statutory mandate in the First Step Act," *id.* at 461, the court noted that he in fact "consistently challenged his own individual designation," *id.*, and for that reason the court "lack[ed] jurisdiction to consider [his] individual challenge to the BOP's transfer decision," *id.* at 462. This holding supports Defendants' position rather than Herrera's.

Similarly unhelpful to Herrera is *Rodriguez v. Copenhaver*, 823 F.3d 1238 (9th Cir. 2016). That case involved an inmate's request to have certain prior time served in a state prison designated, on a *nunc pro tunc* basis, as the place of service of the inmate's federal sentence (which would thus have the practical effect of shortening the sentence). *Id.* at 1239–40. A separate provision within § 3621 authorized the Federal Bureau of Prisons to consider "any statement by the court that imposed the sentence" in determining

whether to grant this request, and the Ninth Circuit found that it was error to consider a letter submitted by a different judge who had not imposed the sentence and in fact was recused from the case due to a conflict of interest arising from the judge's connection to the victim of the crime.  *Id.* at 1240.  This decision does not support Herrera's claim.

A final note:  Herrera's reading of § 3621(b) would essentially allow any challenge to a Federal Bureau of Prisons designation decision to proceed into litigation in federal court so long as the inmate invoked the Constitution in some way.  But it would be trivially easy to make such an allegation in any case (whether through reliance on the Due Process Clause, or some other substantive constitutional provision that the inmate would allege was implicated by his or her confinement, past activities in prison, or some other consideration).  Herrera's reading would thus effectively erase § 3621(b) from the U.S. Code entirely, which cannot be the right result.

2.      Those considerations also dovetail with the second ground for dismissal raised by Defendants:  Herrera's failure to plausibly allege retaliation.  Invoking Rule 8 and general concepts about pleading standards, Herrera argues that she has sufficiently alleged that "prison officials threatened her with transfer in response to her protected activity and for the purpose of undermining or mooting this litigation."  (Doc. 139 at 7.) But as Defendants pointed out in their motion, Herrera's allegations in this regard are conclusory and speculative, and she fails to set out facts establishing who would have had a motive to retaliate against her and what causal nexus allegedly existed between any potential designation decision and her complaints about male inmates or this lawsuit.

To be clear, Defendants are not asserting that a heightened, Rule 9 pleading

**Reply in Support of Defendants' Motion to Dismiss Counts**
**Five and Six of Plaintiffs' Verified Amended Complaint – Page 5**

standard applies, but even so, Herrera's pleadings are deficient to state a claim. As another court has recently explained, "[t]he Fifth Circuit has made clear the dangers of permitting retaliation claims to proceed in the absence of factual allegations to support an inference of a retaliatory motive." *Bumgardner v. Hawkins*, No. 1:24-CV-153, 2026 WL 315704, at *10 (W.D. La. Feb. 5, 2026). The court explained that "[i]n *Whittington v. Lynaugh*, 842 F.2d 818, 819 (5th Cir. 1988), the plaintiff, Daniel Johnson, had filed numerous lawsuits against administrators and staff within the Texas prison system." *Id.* "The defendants then denied Johnson's request to have his custody status upgraded, and Johnson alleged that the denial was in retaliation for filing his previous suits." *Id.* "The Fifth Circuit rejected Johnson's claim—and explained why courts must insist upon specific factual allegations to support an inference of retaliation," *id.* as follows:

> If we were to hold that [Johnson] by his allegations in this case had established a case which was entitled to the full panoply of discovery, appointment of counsel, jury trial and the like, we would be establishing a proposition that would play havoc with every penal system in the country. Prison administrators must classify and move prisoners. It is a virtual truism that any prisoner who is the subject of an administrative decision that he does not like feels that he is being discriminated against for one reason or another, such as the past filing of a grievance, a complaint about food or a cellmate, or a prior complaint that he was not being treated equally with other prisoners. If we were to uphold the further pursuit of [Johnson's] complaint in this case we would be opening the door to every disgruntled prisoner denied the next level of trustyship, reassigned to another prison job, moved to another cell, [or] claiming his shoes were uncomfortable, to bring such a suit.

*Id.* (quoting *Whittington*, 842 F.3d at 819).

These same considerations apply with equal force here, and for all the reasons

**Reply in Support of Defendants' Motion to Dismiss Counts**
**Five and Six of Plaintiffs' Verified Amended Complaint – Page 6**

previously discussed by Defendants in their motion to dismiss, Herrera has not stated any claim for retaliation.

* * * * * *

Defendants' motion to dismiss should be granted.  Defendants will also briefly respond here to the status report provided by Plaintiffs on pages 8–9 of their response, relating to Plaintiffs' other claims.

Defendants agree that Plaintiffs' APA claim remains pending.  Defendants understand that Plaintiffs may soon file a motion for judgment on the pleadings or for summary judgment on that claim, and Defendants will respond in due course to any such motion.

As to Plaintiffs' Religious Freedom Restoration Act (RFRA) claim, Defendants do not understand any real litigation to be necessary on that claim going forward given that Plaintiffs only sought injunctive relief as to that claim in their live complaint (Doc. 61), and the Court has now entered a partial final judgment giving Plaintiffs injunctive relief as agreed by the parties.  Since the RFRA claim seemingly would not add anything to the relief Plaintiffs already obtained, it would appear to be moot at this time.  *See Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527–30 (5th Cir. 2008) (explaining that a plaintiff's claims for injunctive relief were moot in light of the entry of a consent decree elsewhere that controlled the defendant's behavior as relevant to the issues raised by the plaintiff).  Perhaps in recognition of this, Plaintiffs do indicate that they may seek leave to amend their complaint to add a claim for RFRA damages.  If Plaintiffs file a motion for leave to amend, Defendants will respond to that motion in due course.

**Reply in Support of Defendants' Motion to Dismiss Counts**
**Five and Six of Plaintiffs' Verified Amended Complaint – Page 7**

Respectfully submitted,

Ryan Raybould
United States Attorney

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:  214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Defendants

Certificate of Service

On February 24, 2026, I electronically submitted the foregoing document with the

clerk of court for the U.S. District Court, Northern District of Texas, using the electronic

case filing system of the court.  I hereby certify that I have served all parties

electronically or by another manner authorized by Federal Rule of Civil Procedure

5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney

**Reply in Support of Defendants' Motion to Dismiss Counts**
**Five and Six of Plaintiffs' Verified Amended Complaint – Page 8**