IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING and<br>MIRIAM CRYSTAL HERRERA,<br><br>      **Plaintiffs,**<br><br>v.<br><br>WARDEN T. RULE, WILLIAM K.<br>MARSHALL, III, PAMELA J. BONDI,<br>and THE UNITED STATES OF AMERICA,<br><br>      **Defendants.** | § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:25-CV-0157-D<br>(Consolidated with<br>Civil Action No. 4:25-CV-0438-D) |
| ELIZABETH ANN HARDIN,<br>BRENDA LEIGH KIRK, JASMINE<br>MEABON, JESSICA CLEMENCIO<br>MORAIS, and KEISHA WILLIAMS<br><br>      **Intervenor-Plaintiffs,**<br><br>v.<br><br>WARDEN T. RULE, WILLIAM K.<br>MARSHALL, III, PAMELA J. BONDI,<br>and THE UNITED STATES OF AMERICA,<br><br>      **Defendants.** | | |

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**

Came on for consideration the application for preliminary and permanent injunction filed by Intervenor-Plaintiffs Elizabeth Ann Hardin, Brenda Leigh Kirk, Jasmine Meabon, Jessica Clemencio Morais, and Keisha Williams (the "Motion"). The Court has considered the Motion, the accompanying memorandum of law, declarations, as well as any response and reply, and other facts and arguments entered in the record, and has heard and considered the arguments of counsel. For good cause shown, the Court grants the Motion as follows:

IT IS ORDERED that:

1. For purposes of this Order, "male inmate" means a person who is biologically male, regardless of gender identity. This Order applies to Intervenor-Plaintiffs and to conditions of confinement at FMC Carswell, as well as retaliation against Intervenor-Plaintiffs by Defendants at any Bureau of Prisons facility.

   a) Defendants, their officers, employees, agents, and all persons acting in concert with them are hereby enjoined from:

      (1) housing any male inmate (meaning any person who is biologically male, regardless of gender identity) within the general population of any housing unit at FMC Carswell where biological females are present or will be confined during the pendency of this case; and

      (2) permitting any male inmate to enter or remain in any space where biological female inmates are present, including but not limited to showers, restrooms, changing areas, dormitory spaces, elevators, dining areas, recreation areas, medical or hospital areas, the mailroom, and other shared prison spaces, so that Intervenor-Plaintiffs and other female inmates are not forced to encounter male inmates while showering, toileting, dressing, sleeping, eating, seeking medical care, recreating, receiving mail, or otherwise navigating daily prison life;

   b) Ordering that, to comply with the foregoing relief, Defendants shall house male inmates in a secure, segregated area at FMC Carswell—including the Hospital Unit or an equivalent setting—and shall use such separate movement, routing, scheduling, or other measures as necessary to prevent overlap between male inmates and female inmates in housing and shared spaces;

c) Providing that Defendants may not comply with this Order by transferring, isolating, or otherwise burdening Intervenor-Plaintiffs or other female inmates, rather than separating the male inmates, except at the request of the affected female inmate or for a *bona fide*, documented penological or medical reason unrelated to this litigation;

d) Preliminarily enjoining Defendants, and all persons acting in concert with them, from retaliating against Intervenor-Plaintiffs in any manner because of their participation in this litigation or their complaints about male inmates being housed with women, including through retaliatory transfer, reclassification, housing changes, SHU placement, loss of work or programming, loss of privileges, adverse medical treatment, disclosure of grievances or litigation materials, or permitting staff or inmate harassment; and requiring at least 72 hours' written notice to Intervenor-Plaintiffs' counsel and the Court before any transfer or materially adverse change in the conditions of confinement of any Intervenor-Plaintiff, unless exigent circumstances make advance notice impossible;

e) If the Court deems it necessary, setting the matter for expedited hearing and, after hearing, entering a preliminary injunction affording the same protections for the duration of this litigation; and

f) Granting such other and further relief as the Court deems just and proper.

2. Defendants shall file a status report on or before _____, 2026, setting forth the steps taken to comply with this Order. The status report shall specify:

a) The actions taken to ensure that no male inmate, as defined in this Order, is housed within the general population of any housing unit at FMC Carswell where biological females are present or will be confined;

b) The actions taken to ensure that no male inmate enters or remains in any space where biological female inmates are present, including but not limited to showers, restrooms, changing areas, dormitory spaces, elevators, dining areas, recreation areas, medical or hospital areas, the mailroom, and other shared prison spaces;

c) The housing, segregation, movement, routing, scheduling, or other measures implemented to house male inmates in a secure, segregated area at FMC Carswell, including whether any male inmates have been assigned to the Hospital Unit or an equivalent setting;

d) The measures taken to comply with this Order without transferring, isolating, or otherwise burdening Intervenor-Plaintiffs or other female inmates, except at the request of the affected female inmate or for a bona fide, documented penological or medical reason unrelated to this litigation;

e) Confirmation that all relevant Bureau of Prisons personnel at FMC Carswell have been notified of this Order and instructed on its requirements;

f) A description of any complaints, incidents, transfers, reclassifications, housing changes, SHU placements, losses of work or programming, losses of privileges, adverse medical treatment, disclosures of grievances or litigation materials, or staff or inmate harassment involving any Intervenor-Plaintiff since entry of this Order;

g) Any transfer or materially adverse change in the conditions of confinement of any Intervenor-Plaintiff, including whether the notice required by this Order was

4

provided to Intervenor-Plaintiffs' counsel and the Court and, if not, the exigent circumstances asserted to make advance notice impossible; and

h) Any other measures taken to preserve the safety, privacy, and constitutional rights of Intervenor-Plaintiffs consistent with this Order.

3. The Court finds that Intervenor-Plaintiffs are incarcerated individuals of limited means and that no monetary injury will result to defendants from this Order. Security is therefore waived under Fed. R. Civ. P. 65(c).

4. The preliminary injunction Order shall take effect immediately and remain in force for 90 days, or until a permanent injunction issues, in accordance with 18 U.S.C. § 3626(a)(2).

5. If the Court deems necessary, the Court will conduct a hearing on Intervenor-Plaintiffs' motion for preliminary injunction on _____, 2026 at ___ a.m. in Courtroom _____, Earl Cabell Federal Building and United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242-1003. Defendants shall appear and show cause why a preliminary injunction should not issue.

**SO ORDERED.**

_____, 2026.                    _____
                                                SIDNEY A. FITZWATER
                                                UNITED STATES DISTRICT JUDGE

5