IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

RHONDA FLEMING and MIRIAM
CRYSTAL HERRERA,

     Plaintiffs,

v.

WARDEN T. RULE, et al.,

     Defendants.

Civil Action No. 4:25-CV-157-D
(consolidated with No. 4:25-CV-438-D)

**NOTICE OF CLARIFICATION REGARDING U.S. ATTORNEY'S
REPRESENTATION OF THE WARDEN OF FMC CARSWELL
IN AN OFFICIAL CAPACITY, AND POTENTIAL EFFECT
<u>ON SCHEDULING ISSUES</u>**

The undersigned files this notice to clarify the status of the Office of the U.S. Attorney's representation of Defendant Warden T. Rule in this case and to flag a related issue concerning the recently-filed scheduling proposal. Under both then-live complaints in this matter (prior to last Friday's filing of a new Verified Second Amended Plaintiffs' Complaint by Plaintiffs Rhonda Fleming and Miriam Crysal Herrera), Warden Rule was facing claims in this case *in an official capacity only*. (Doc. 61, ¶ 6 (Plaintiffs' Verified Amended Complaint—"Warden Rule is sued in his official capacity only."); Doc. 125, ¶ 9 (First Amended Complaint-in-Intervention—"Warden Rule is sued in his official capacity only.").) And thus the U.S. Attorney's Office had previously filed responses on behalf of Warden Rule in that capacity as to both then-live complaints (by filing motions to dismiss as to each). (*See* Doc. 130 (motion to dismiss as to Plaintiffs' Verified

Amended Complaint); Doc. 147 (motion to dismiss as to First Amended Complaint-in-Intervention).)

Counsel for the then-existing parties in the case—including Warden Rule in his official capacity—had also been conferring over the past several weeks to prepare a scheduling proposal, as directed by the Court's February 27, 2026 order (Doc. 145), and that proposal was finalized last week and then submitted to the Court on March 27, 2026 (Doc. 150).  To be clear, the "Defendants" who were involved in the preparation of that scheduling proposal and on whose behalf it was submitted only included Warden Rule (and any other government officials) *in an official capacity*.

The reason this clarification is being provided is that on the same day the scheduling proposal was filed, Plaintiffs Fleming and Herrera also filed their Verified Second Amended Complaint, which indicates that Plaintiffs Fleming and Herrera are adding a claim against Warden Rule *in his individual capacity*.[1]  (*See* Doc. 149, ¶¶ 6, 133–37.)  The undersigned had not yet had a chance to review the Verified Second Amended Complaint at the time the scheduling proposal was filed (and had not understood that any new defendants were going to be added to the case by that

---

[1] The Verified Second Amended Complaint also names as a defendant William K. Marshall, III, the Director of the Federal Bureau of Prisons.  The complaint states that Director Marshall is sued "in his official capacity only," (Doc. 149, ¶ 5), but then later states in the "Relief Requested" section (on page 39) that damages are sought from "Defendants Marshall and Rule in their individual capacities."  The undersigned is unsure as to what kind of claim is intended against Marshall, but if an individual capacity claim is intended, the same considerations that are discussed herein as to Warden Rule also apply to Director Marshall.

**Notice of Clarification Regarding U.S. Attorney's Representation of the Warden of FMC Carswell in an Official Capacity, and Potential Effect on Scheduling Issues – Page 2**

amendment[2]), and therefore this notice is being filed to clarify that the scheduling

proposal was submitted only on behalf of Warden Rule (and any other government

defendants) in an official capacity.  To the undersigned's knowledge, Warden Rule has

not been served with process in an individual capacity in connection with the new claim

against him in the Verified Second Amended Complaint, nor was he involved in any

scheduling-related discussions in that capacity or represented in that capacity by the U.S.

Attorney's Office in connection with those matters.[3]

The undersigned also wants to flag that the addition of an individual-capacity

defendant to the case at this time may have implications on case-scheduling matters

going forward.  Individual-capacity defendants almost invariably raise the defense of

qualified immunity when they are sued, as has occurred here, for matters arising out of

their government employment.  And qualified immunity generally must be addressed

prior to discovery (and the Supreme Court has also indicated that discovery generally

should not even proceed between and among other parties while the issue of an

individual-capacity defendant's entitlement to qualified immunity is pending, *see*

*Ashcroft v. Iqbal*, 556 U.S. 662, 685–66 (2009)).  The undersigned is planning to discuss

these matters and their potential effect on the scheduling proposal with counsel, but

---

[2] An individual-capacity defendant constitutes a separate defendant for legal purposes than the same person sued in an official capacity.  An official-capacity suit is considered a suit against the government itself, *see Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010), and, for example, when a new person takes over the relevant position occupied by the person sued in an official capacity, that new person is automatically substituted as a party by operation of Rule 25(d), but of course the same automatic substitution does not occur as to an individual-capacity defendant.

[3] There is a procedure for federal employees sued in an individual capacity to request representation by the Department of Justice, but whether or not to request such representation is at the employee's option.

**Notice of Clarification Regarding U.S. Attorney's Representation of the Warden of FMC Carswell
in an Official Capacity, and Potential Effect on Scheduling Issues – Page 3**

wanted to flag them now for the Court as well, and to also eliminate any possible confusion on the docket about which defendants, in which capacities, are represented by the U.S. Attorney's Office in connection with the Verified Second Amended Complaint.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:  214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Defendant United States of America and Defendants Rule, Marshall, and Bondi (in Their Official Capacities Only)

Certificate of Service

On March 31, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney