IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

RHONDA FLEMING and MIRIAM
CRYSTAL HERRERA,

     Plaintiffs,

v.

WARDEN T. RULE, et al.,

     Defendants.

Civil Action No. 4:25-CV-157-D
(consolidated with No. 4:25-CV-438-D)

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE
FIRST AMENDED COMPLAINT-IN-INTERVENTION**

When moving to dismiss the first amended complaint-in-intervention in this action, Defendants explained how Intervenor Plaintiffs had pled their complaint differently than original Plaintiffs Rhonda Fleming and Crystal Herrera. Specifically, Fleming and Herrera had requested relief that would give Defendants the option of *either* housing male inmates in a secure, segregated unit at FMC Carswell *or* reassigning male inmates away from Fleming's and Herrera's housing and privacy areas (i.e., while still housing male inmates within other general-population female units of FMC Carswell). (Doc. 61 at 40.) Intervenor Plaintiffs, in contrast, very pointedly did not seek the same option for Defendants to simply move male inmates away from Intervenor Plaintiffs' housing units (or move Intervenor Plaintiffs to different units), while still keeping male inmates housed on other general-population units at FMC Carswell. (*See* Doc. 125 at 40–41.) Instead, Intervenor Plaintiffs exclusively sought the former category of relief—an

**Reply in Support of Defendants' Motion to Dismiss the First Amended Complaint-in-Intervention – Page 1**

order requiring Defendants to house male inmates "in a secure, segregated area at FMC Carswell . . . while preventing access to female-only privacy areas." (Doc. 125 at 41.)

As explained in the motion to dismiss, though, the government understands the injunctive relief that is currently on appeal in the D.C. Circuit to bar use of that kind of segregated housing unit for male inmates at FMC Carswell (Doc. 146 at 5), and therefore Intervenor Plaintiffs lack standing for their claims here because their alleged injury (in having males housed within the general-population units at FMC Carswell) is not traceable to Defendants' actions, nor would it be redressable in this proceeding based on the type of relief sought (given that it is the D.C. Circuit that has jurisdiction to lift or alter the injunctions that are currently in place). Intervenor Plaintiffs offer several arguments in response to this, but as explained below, none are availing and Intervenor Plaintiffs ultimately fail to establish standing. Accordingly, a dismissal without prejudice of the first amended complaint-in-intervention is appropriate.

*First*, Intervenor Plaintiffs argue that the motion to dismiss misunderstands what is and is not prohibited or required by Judge Lamberth's injunction. (Doc. 155 at 6–7.) The relevant language of the injunctive relief ordered in the D.C. litigation is available to this Court and, with respect, the government stands by its understanding of that language as explained in the motion to dismiss (while also noting that the government is attempting to have the injunctions lifted in the appeal that is currently pending in the D.C. Circuit).

Intervenor Plaintiffs in fact agree that the government is prohibited from transferring the male inmates covered by the injunction "*to a male penitentiary*." (Doc. 155 at 7 (Intervenor Plaintiffs' emphasis).) But Intervenor Plaintiffs essentially urge the

**Reply in Support of Defendants' Motion to Dismiss the First Amended Complaint-in-Intervention – Page 2**

Federal Bureau of Prisons to create a new, all-male facility within the boundaries of FMC Carswell and to move the male inmates there.  However, given that Intervenor Plaintiffs also note Judge Lamberth's explanation that placement of the relevant male inmates in a male-only facility would "exacerbate the symptoms of their gender dysphoria" (Doc. 155 at 7), it seems too cute by half for the government to simply create a new all-male facility within the technical boundaries of FMC Carswell and claim to be in compliance with the D.C. court's directive not to move the inmates to an all-male facility (and not to alter their housing status, which at the time the injunctions were entered was that the male inmates were being housed in general-population female units).  The fact that Intervenor Plaintiffs, in their response to the motion to dismiss, are now also suggesting that the male inmates at FMC Carswell cannot even be allowed in the same "common areas like recreation or dining areas" (Doc. 155 at 11) provides further confirmation that what Intervenor Plaintiffs are envisioning is to have the male inmates in their own entirely separate facility within the larger FMC Carswell complex.  As previously explained in the motion to dismiss, the government believes that this would constitute an impermissible change to the male inmates' current "housing status" and would be construed as effectively transferring the male inmates to an all-male facility, in both senses in violation of the injunction currently in place.

*Second*, and related to this last point, Intervenor Plaintiffs are attempting to use their response to the motion to dismiss to improperly amend or modify the nature of the relief that is actually requested in their live pleading.  *See Coleman v. Saul*, No. 3:19-CV-2198-K-BT, 2021 WL 1117167, at *5 (N.D. Tex. Mar. 24, 2021) (noting that a plaintiff

**Reply in Support of Defendants' Motion to Dismiss the First Amended Complaint-in-Intervention – Page 3**

cannot rely on allegations raised in response to a motion to dismiss, rather than in the complaint itself).  In the first amended complaint-in-intervention, Intervenor Plaintiffs prayed for relief that would require housing the male inmates in a segregated unit that would "preserve[] access to programming and services while preventing access to *female-only privacy areas*."  (Doc. 125 at 41 (emphasis added).)  However, in response to the motion to dismiss, Intervenor Plaintiffs state that they "seek an injunction forbidding Defendants from housing any male inmate within the general population of housing units where biological females are present and from permitting any male inmate to enter or remain in female-only areas, including showers, restrooms, changing areas, and dormitory spaces, *but also* the dining and recreation areas, where males interact with women."  (Doc. 155 at 3 (Intervenor Plaintiffs' emphasis).)  That is not the injunction that the first amended complaint-in-intervention sought—as highlighted above, the relief requested section of Intervenor Plaintiffs' pleading mentioned keeping male inmates out of "female-only privacy areas," but it did not talk about the dining and recreation areas. (Doc. 125 at 41.)

That said, Intervenor Plaintiffs' explanation or clarification that they seek to remove male inmates from all areas of FMC Carswell where they might have contact with female inmates—even common areas like the dining hall—serves to further confirm what the government understands about the relief Intervenor Plaintiffs are seeking. Intervenor Plaintiffs want the male inmates housed in what would have to be an entirely self-contained "prison within a prison" at FMC Carswell, just for male inmates.  And again, the government would understand this to be prohibited by the injunctive relief that

is currently on appeal to the D.C. Circuit.

*Third*, on the issue of traceability, Intervenor Plaintiffs argue that Defendants' standing arguments are defeated by the fact that FMC Carswell has previously moved male inmates from one general-population housing unit to another in order to move them "away from Plaintiffs" (i.e., away from the original Plaintiffs, Fleming and Herrera). (Doc. 155 at 11.)  But as already discussed, Plaintiffs Fleming and Herrera expressly pleaded in their complaint that the government could provide them relief by *either* moving the male inmates to a segregated unit *or* simply moving the male inmates away from Fleming and Herrera and keeping them out of female-only privacy areas that Fleming and Herrera had access to.  Intervenor Plaintiffs, on the other hand, did not plead for such relief.  This is the relevant distinction that Intervenor Plaintiffs overlook in their response.

*Finally*, Intervenor Plaintiffs argue that redressability is present because, in their view, Defendants could be required to stop housing the male inmates "within the general population of any housing unit where biological females are present or will be confined." (Doc. 155 at 12.)  But this is just another way of saying that all the male inmates would have to be segregated into their own separate male-only "facility within a facility" at FMC Carswell.  The government has already explained above why it understands that result to be in conflict with the injunctive relief that is currently on appeal to the D.C. Circuit.

* * * * *

Defendants' motion to dismiss the first amended complaint-in-intervention should

**Reply in Support of Defendants' Motion to Dismiss the First Amended Complaint-in-Intervention – Page 5**

be granted.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:  214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Defendants[1]

Certificate of Service

On April 13, 2026, I electronically submitted the foregoing document with the

clerk of court for the U.S. District Court, Northern District of Texas, using the electronic

case filing system of the court.  I hereby certify that I have served all parties

electronically or by another manner authorized by Federal Rule of Civil Procedure

5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney

---

[1] The Defendants named in the complaint in intervention are the United States, and the Attorney General, the Director of the Federal Bureau of Prisons, and the Warden of FMC Carswell in their official capacities only.  (*See* Doc. 125, ¶¶ 6–9.)

**Reply in Support of Defendants' Motion to Dismiss the First Amended Complaint-in-Intervention – Page 6**