IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING and MIRIAM CRYSTAL HERRERA, | § § § | |
| Plaintiffs, | § § | Civil Action No. 4:25-CV-0157-D (Consolidated with |
| and | § § | Civil Action No. 4:25-CV-0438-D) |
| ELIZABETH ANN HARDIN, BRENDA LEIGH KIRK, JASMINE MEABON, JESSICA CLEMENCIO MORAIS, and KEISHA WILLIAMS, | § § § § § § | |
| Intervenor-Plaintiffs, | § § | |
| VS. | § § | |
| WARDEN T. RULE, et al., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants move to dismiss intervenor-plaintiffs' first amended complaint-in-intervention for lack of subject matter jurisdiction, contending that they lack standing to bring their claims. Following oral argument and consideration of the briefs and record, the court denies the motion.[*]

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Intervenor-plaintiffs have met their burden of establishing standing to assert their claims. In particular, they have alleged sufficient facts to support each element of standing at the pleading stage. *See In re Deepwater Horizon*, 739 F.3d 790, 799 (5th Cir. 2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) (explaining that the standard used to establish the three elements of standing is not constant but becomes gradually stricter as the parties proceed through the successive stages of litigation); *see also Lewis v. Casey*, 518 U.S. 343, 358 (1996) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim."). The court, in turn, concludes that intervenor-plaintiffs have met their burden to establish that the court has subject matter jurisdiction at this stage of the case. Defendants' motion to dismiss is therefore denied.

**SO ORDERED**.

May 26, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE