IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RHONDA FLEMING and                    §
MIRIAM CRYSTAL HERRERA,                §
                                      §
        Plaintiffs,                   §    Civil Action No. 4:25-CV-0157-D
                                      §    (Consolidated with
and                                   §    Civil Action No. 4:25-CV-0438-D)
                                      §
ELIZABETH ANN HARDIN,                 §
BRENDA LEIGH KIRK,                    §
JASMINE MEABON,                       §
JESSICA CLEMENCIO MORAIS, and         §
KEISHA WILLIAMS,                      §
                                      §
        Intervenor-Plaintiffs,        §
                                      §
VS.                                   §
                                      §
WARDEN T. RULE, et al.,               §
                                      §
        Defendants.                   §

MEMORANDUM OPINION
AND ORDER

Intervenor-plaintiffs move for a preliminary and permanent injunction to address their exposure to "male inmates"—i.e., persons who are biologically male, regardless of gender identity—while incarcerated at FMC Carswell. Following a hearing, and for the reasons assigned,[1] the court grants their motion for a preliminary injunction.[2]

---

[1]As permitted by Fed. R. Civ. P. 52(a), the court sets out its findings of fact and conclusions of law in this memorandum opinion and order.

[2]The court declines at this time to address as premature intervenor-plaintiffs' request for a permanent injunction.

I

The court has already entered one preliminary injunction in this case: in favor of plaintiffs Rhonda Fleming and Miriam Crystal Herrera. Intervenor-plaintiffs now seek broader injunctive relief than that which was granted to plaintiffs in a stipulated order of permanent injunction and final judgment. In particular, intervenor-plaintiffs ask the court to order defendants to house all male inmates incarcerated at FMC Carswell in a segregated area.

Defendants oppose the motion on two grounds: (1) first, that intervenor-plaintiffs are unlikely to prevail on the merits of their claims because they lack standing to bring them; and, second, that the relief intervenor-plaintiffs seek exceeds the scope of the claims raised in their first amended complaint-in-intervention. The court declines to accept either contention. First, the court has already determined that intervenor-plaintiffs have met their burden of establishing standing to assert their claims. Second, any perceived pleading deficiency can likely be cured by amendment, which, if sought, should be freely given at this early stage of litigation. Moreover, of importance for determining the merits of intervenor-plaintiffs' preliminary injunction motion, defendants do not contend that intervenor-plaintiffs have failed to show that they are likely to succeed on the substantive merits of their claims or that they have failed to make the necessary showing to satisfy the other three elements required to obtain preliminary injunctive relief.

On May 20, 2026 the court conducted a hearing on intervenor-plaintiffs' motion. Defendants reiterated their position that the preliminary injunction (now vacated) entered by

- 2 -

the United States District Court for the District of Columbia prohibits their ability to move the male inmates at FMC Carswell into a segregated area, at least until June 8, 2026, when the D.C. Circuit is expected to issue its mandate. *See* ECF No. 125, *Doe v. Blanche*, 1:25-CV-00286-RCL (D.D.C. May 19, 2026). Defendants' counsel also suggested at the hearing that intervenor-plaintiffs may be amenable to accepting the narrower form of relief granted to plaintiffs. Intervenor-plaintiffs' counsel responded that, although narrower relief is not preferred, intervenor-plaintiffs seek it in the alternative in their motion.

Because the court finds and concludes that intervenor-plaintiffs have demonstrated that they are entitled to a preliminary injunction on at least some of their claims, and because the court concludes that it can enter certain injunctive relief without infringing or impinging on the preliminary injunction entered by the District of Columbia District Court, the court grants the motion of intervenor-plaintiffs for a preliminary injunction.

II

The court directs that, no later than June 1, 2026, counsel for intervenor-plaintiffs and defendants confer regarding the terms of a preliminary injunction that they can agree to, and that they submit a proposed form of preliminary injunction for the court's consideration. If they cannot reach an agreement, the court will consider entering a preliminary injunction that

is consistent with the form of injunction proposed by intervenor-plaintiffs. *See* ECF No. 152-1.

**SO ORDERED**.

May 26, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE