IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ELIZABETH ANN HARDIN, BRENDA LEIGH KIRK, JASMINE MEABON, JESSICA CLEMENCIO MORAIS, and KEISHA WILLIAMS**<br><br>      **Intervenor-Plaintiffs,**<br><br>**v.**<br><br>**WARDEN T. RULE, WILLIAM K. MARSHALL, III, PAMELA J. BONDI, and THE UNITED STATES OF AMERICA,**<br><br>      **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:25-CV-0157-D (Consolidated with Civil Action No. 4:25-CV-0438-D)** |

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**

Came on for consideration the application for preliminary and permanent injunction filed by Intervenor-Plaintiffs Elizabeth Ann Hardin, Brenda Leigh Kirk, Jasmine Meabon, Jessica Clemencio Morais, and Keisha Williams (the "Motion"). The Court has considered the Motion, the accompanying memorandum of law, declarations, as well as any response and reply, and other facts and arguments entered in the record, and has heard and considered the arguments of counsel. For good cause shown, the Court grants the Motion for a preliminary injunction as follows:

IT IS ORDERED that:

1. For purposes of this Order, "male inmate" means a person who is biologically male, regardless of gender identity. This Order applies to Intervenor-Plaintiffs and to

conditions of confinement at FMC Carswell, as well as retaliation against Intervenor-Plaintiffs by Defendants at any Bureau of Prisons facility.

a) Defendants, their officers, employees, agents, and all persons acting in concert with them are hereby enjoined from:

(1) housing any male inmate (meaning any person who is biologically male, regardless of gender identity) within the general population of any housing unit at FMC Carswell where biological females are present or will be confined during the pendency of this case; and

(2) permitting any male inmate to enter or remain in any space at FMC Carswell where biological female inmates are present, including but not limited to showers, restrooms, changing areas, dormitory spaces, elevators, dining areas, recreation areas, the mailroom, and other shared prison spaces, so that Intervenor-Plaintiffs and other female inmates are not forced to encounter male inmates while showering, toileting, dressing, sleeping, eating, recreating, receiving mail, or otherwise navigating daily prison life;

provided that nothing herein prohibits Defendants from (a) housing male inmates in the Special Housing Unit as may be necessary even if female inmates are also present in the Special Housing Unit (provided that female inmates are not required to share a cell with any male inmate in the Special Housing Unit), (b) transporting male inmates to, and temporarily housing male inmates in, the hospital/medical/suicide-watch areas as may be necessary to address any bona fide medical need (provided that female inmates in such areas are not required to share a room or cell with any male inmate), or (c) facilitating legal visits for either male

2

or female inmates in FMC Carswell's visitation room during social visitation hours for the opposite sex, provided the male and female inmates are not left unattended or in the same space and provided the male inmates are securely escorted to such legal visits.

b) It is further ordered that, to comply with the foregoing relief, Defendants shall house male inmates in a secure, segregated area at FMC Carswell and shall use such separate movement, routing, scheduling, or other measures as necessary to prevent overlap between male inmates and female inmates in housing and shared spaces;

c) Preliminarily enjoining Defendants, and all persons acting in concert with them, from retaliating against Intervenor-Plaintiffs in any manner because of their participation in this litigation or their complaints about male inmates being housed with women, including through retaliatory transfer, reclassification, housing changes, SHU placement, loss of work or programming, loss of privileges, adverse medical treatment, disclosure of grievances or litigation materials, or permitting staff or inmate harassment; and requiring at least 72 hours' written notice to Intervenor-Plaintiffs' counsel and the Court before any transfer or materially adverse change in the conditions of confinement of any Intervenor-Plaintiff, unless exigent circumstances make advance notice impossible;

2. Defendants shall file a status report on or before June 15, 2026, setting forth the steps taken to comply with this Order.

3. The Court finds that Intervenor-Plaintiffs are incarcerated individuals of limited means and that no monetary injury will result to defendants from this Order. Security is therefore waived under FED. R. CIV. P. 65(c).

4. The preliminary injunction Order shall take effect immediately and remain in force for 90 days, or until a permanent injunction issues, in accordance with 18 U.S.C. § 3626(a)(2).

**SO ORDERED.**

_____, 2026.

_____

SIDNEY A. FITZWATER
SENIOR JUDGE