IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING and MIRIAM CRYSTAL HERRERA, | § § § | |
| Plaintiffs, | § § | Civil Action No. 4:25-CV-0157-D (Consolidated with |
| and | § § | Civil Action No. 4:25-CV-0438-D) |
| ELIZABETH ANN HARDIN, BRENDA LEIGH KIRK, JASMINE MEABON, JESSICA CLEMENCIO MORAIS, and KEISHA WILLIAMS, | § § § § § § | |
| Intervenor-Plaintiffs, | § § | |
| VS. | § § | |
| WARDEN T. RULE, et al., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The government and official-capacity defendants (collectively, "defendants") move

to dismiss the remaining claims brought against them by plaintiffs Rhonda Fleming

("Fleming") and Miriam Crystal Herrera ("Herrera") in their second amended complaint.

Following oral argument and consideration of the briefs and record, the court denies the

motion.[1]

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case,

I

Defendants move to dismiss plaintiffs' claims under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* ("RFRA"), for lack of subject matter jurisdiction, contending that the claims are moot. Defendants maintain that the constitutional injuries that form the basis of plaintiffs' RFRA claims as pleaded—being compelled to share living quarters, bathrooms, and showers with "male inmates"[2] while incarcerated at FMC Carswell—have been remedied by the stipulated order of permanent injunction and final judgment, which plaintiffs concede resolve their bodily-privacy and Eighth Amendment claims concerning the conditions of their confinement at FMC Carswell.

Plaintiffs oppose the motion on two principal grounds:  first, that their RFRA claims are factually and legally distinct from their bodily-privacy and Eighth Amendment claims; and, second, that although the permanent injunction provides a partial remedy, they also seek additional injunctive relief to further restrict defendants' conduct insofar as it unlawfully burdens plaintiffs' rights to exercise their religion at FMC Carswell and other units.

The doctrine of mootness requires that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990) (internal quotation marks and citation omitted).  A plaintiff's claim is not moot "[a]s long as [she has] a concrete interest, however small, in the outcome of the litigation[.]" *Chafin v.*

and not for publication in an official reporter, and should be understood accordingly.

[2]I.e., persons who are biologically male, regardless of gender identity.

*Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks and citation omitted). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 313 (5th Cir. 2015) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)).

Plaintiffs have satisfied their burden of establishing that their RFRA claims present a live controversy and that they have a legally cognizable interest in adjudicating them. The second amended complaint alleges sufficient facts to support claims for further injunctive and declaratory relief concerning the burdens that plaintiffs allege have been imposed on their religious exercise by defendants. Plaintiffs allege that, as result of defendants' housing and supervision policies, they are routinely exposed to, and have been sexually harassed by, male inmates in various common areas at FMC Carswell, burdening their ability to freely exercise their sincerely held religious beliefs that individuals cannot choose their gender, and that they are obligated to speak the truth about the nature of men and women and observe certain modesty and privacy norms between the two sexes. Plaintiffs also allege that defendants have the ability and discretion to assign all male inmates to a segregated unit at FMC Carswell, but decline to do so.

II

Defendants also move to dismiss plaintiffs' claims under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. ("APA"), for lack of subject matter jurisdiction, contending that plaintiffs lack standing to bring the claims and that the claims are otherwise either mooted by the court's permanent injunction or are not ripe.

- 3 -

Plaintiffs have met their burden of establishing standing to assert their APA claims, because they have alleged sufficient facts to support each element of standing at the pleading stage. *See In re Deepwater Horizon*, 739 F.3d 790, 799 (5th Cir. 2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) (explaining that the standard used to establish the three elements of standing is not constant but becomes gradually stricter as the parties proceed through the successive stages of litigation); *see also Lewis v. Casey*, 518 U.S. 343, 358 (1996) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim."); *Bay Area Unitarian Universalist Church v. Ogg*, 2025 WL 1066187, at \*5 (5th Cir. 2025) (citing *K.P. v. LeBlanc*, 627 F.3d 115, 123 (5th Cir. 2010)) ("When an injury flows from an allegedly unconstitutional law, the individuals charged with the enforcement of that law are at least in part the cause of the injuries, satisfying the minimal traceability requirement.").

Plaintiffs have likewise met their burden of establishing that their APA claims present a live controversy and that they have a ripe, legally cognizable interest in adjudicating them. Again, while the permanent injunction provides plaintiffs a partial remedy for their injuries, they seek additional relief that remains available to them under the APA: vacatur of the statutory regulation they challenge. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992) (explaining that the availability of an additional partial remedy is sufficient to prevent a case from being moot); *see also Dierlam v. Trump*, 977 F.3d 471, 477 (5th Cir. 2020) (quoting *Chafin*, 568 U.S. at 177 (explaining, first, that a case is not necessarily moot

- 4 -

because it is uncertain whether the court's relief will have any practical impact on the plaintiff; and, second, that a court analyzing mootness in the early stages of litigation need only ask whether the plaintiff's requested relief is "so implausible that it may be disregarded on the question of jurisdiction").

III

Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss Herrera's retaliation claim for failure to state a claim on which relief can be granted. Defendants contend, first, that Herrera has failed to plead sufficient facts to satisfy each of the four elements required to state a retaliation claim; and, second, that 18 U.S.C. § 3621(b) prohibits the court from granting Herrera's request for injunctive relief to enjoin defendants from transferring her to another prison unit in the future.

Even if the court assumes *arguendo* that Herrera is seeking an unavailable legal remedy for this claim, the second amended complaint plausibly pleads a retaliation claim that is sufficient to withstand a motion to dismiss. *See Doss v. S. Cent. Bell Tel. Co.*, 834 F.2d 421, 425 (5th Cir. 1987) (explaining that demanding an improper legal remedy is not enough to merit dismissal of a claim under Rule 12(b)(6) when the claim shows potential entitlement to a different form of relief).

\* \* \*

Accordingly, for the reasons explained, the court concludes that plaintiffs have established that the court has subject matter jurisdiction over their RFRA and APA claims,

- 5 -

and that Herrera has stated a plausible retaliation claim.  Defendants' motion to dismiss is therefore denied.

**SO ORDERED**.

June 2, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE