IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

RHONDA FLEMING and
MIRIAN CRYSTAL HERRERA,

     Plaintiffs,

v.

WARDEN T. RULE, WILLIAM K.
MARSHALL, III, PAMELA J. BONDI,
and THE UNITED STATES OF
AMERICA,

     Defendants

Civil Action No. 4:25-CV-0157-D
(Consolidated with
Civil Action No. 4:25-CV-0438-D)

## DEFENDANTS' ANSWER TO PLAINTIFFS' VERIFIED SECOND AMENDED COMPLAINT

The United States of America and the Official-Capacity Defendants[1] (collectively the United States) hereby answer the numbered paragraphs of Plaintiffs' Verified Second Amended Complaint (Complaint) (Doc. 149):

1.     The United States admits Rhonda Fleming is a Plaintiff and she is currently in the care and custody of the Federal Bureau of Prisons (BOP). The United States denies she is currently incarcerated at the Federal Medical Center (FMC) Carswell. Ms. Fleming is currently designated to the Federal Correctional Institution (FCI) Greenville.

2.     Admitted.

---

[1] These are the Attorney General, Director of the Federal Bureau of Prisons, and Warden of FMC Carswell, in their official capacities.

3.      The United States admits the first two and the final sentences of Paragraph 6.  Whether Plaintiff has set forth claims which overcome the United States's general sovereign immunity is a legal conclusion which does not require a response.  To the extent this Court deems a response necessary, it is denied.  The United States admits it is responsible for the hiring, retention, training, supervision, management, and discipline of all BOP personnel.  The United States can be liable for the conduct of BOP personnel but only when such individuals act within the scope of their employment and an appropriate waiver of sovereign immunity allows suit and a cause of action exists.

4.      Mr. Todd Blanche is the Acting United States Attorney General. The allegations in Paragraph 4 are otherwise admitted.

5.      Director Marshall was sworn in on April 21, 2025, and is therefore not responsible for the "creation" of any of the BOP policies at issue in this litigation. The allegations in paragraph 5 are otherwise admitted.

6.      The United States admits Warden Rule is the warden of FMC Carswell, and admits Plaintiffs have brought actions against Warden Rule in his official and individual capacity. The United States admits hie is responsible for the daily administration of the prison. Whether Warden Rule is responsible for the enforcement of the policies challenges is this action is a legal conclusion, to which no response is necessary. To the extent this Court deems a response necessary, they are denied.

7.      Jurisdiction exists to the extent the claims at issue arise under the Constitution and federal statute and a valid waiver of sovereign immunity applies; otherwise this paragraph is denied.

**Defendants' Answer to Plaintiffs' Verified Second Amended Complaint – Page 2**

8.    Denied that "jurisdiction" is the proper concept when discussing the remedy of declaratory relief, but see the response to Paragraph 7 regarding jurisdiction.

9.    Denied that "jurisdiction" is the proper concept when discussing the remedy of declaratory relief, but see the response to Paragraph 7 regarding jurisdiction.

10.    The United States is not contesting venue.

1.    Ms. Herrera is a low security inmate currently serving a 480 month sentence for a nonviolent offense and has been housed at FMC Carswell since September 13, 2019. The United States lacks knowledge or information sufficient to form a belief about the truth of the statements concerning Ms. Herrera's medical conditions, wait times, or the onset of her medical conditions and those claims are therefore denied.

2.    Ms. Fleming is a low security inmate who has physically fought other inmates while in BOP custody. She is currently serving a 360 month sentence and is in the custody of the BOP.

3.    The United States admits the first two sentences of Paragraph 3. The United States denies the remaining claims because the BOP is statutorily bestowed with unreviewable discretion to house inmates at facilities the BOP believes will adequately provide for the individual inmate's needs. However, the United States concurs that male inmates, i.e., biological males regardless of gender identity, should not be housed with female inmates and is currently attempting to redesignate all biological male inmates away from female facilities.

4.    The United States admits the first sentence of Paragraph 4. The United States further admits some inmates at FMC Carswell are housed in four person cells, but

**Defendants' Answer to Plaintiffs' Verified Second Amended Complaint – Page 3**

different units across the facility have different housing accommodations and therefore denies the remaining allegations.

5.      The United States admits the first sentence in Paragraph 5. Additionally, the various units at FMC Carswell have various bathroom layouts. Defendants understand Plaintiffs to be specifically referring to the accommodations in the "high rise," or Units One and Two. The United States admits each shower features individual stalls with space between the door and wall but denies Plaintiffs' measurements and notes the shower units also include shower curtains, obscuring a showering inmate's body from view. Correctional officers are instructed to observe inmates, as necessary, by watching the inmate's feet, which the curtain does not block from view.

6.      Denied.

7.      Admitted that the separation of male and female inmates has been common, although the United States lacks knowledge or information sufficient to speak definitively about practices everywhere or at all times. The United States agrees that male inmates should be housed separately from female inmates, as discussed in the President's relevant Executive Order issued in January 2025, and the reasons discussed herein are in alignment with that position.

8.      Admitted that the Prison rape Elimination Act (PREA) regulations generally prohibit the conduct specified in Paragraph 8.

9.      Admitted.

10.     Admitted that 28 C.F.R. § 115.42 discusses the housing of transgender and intersex inmates in BOP facilities, but with the caveat that 18 U.S.C. § 3621(b) is the ultimate authority the BOP relies on when determining where to house any inmate.

11.     Admitted.

12.     Admitted that this since-rescinded policy allowed the BOP to consider self-reported gender identity, along with many other factors, when evaluating an inmate for designation purposes.

13.     Admitted.

14.     Denied.

15.     Admitted.

16.     Admitted.

17.     Admitted (*see* Executive Order 14168).

18.     Admitted as a general matter (*see* Executive Order 14168), although with the caveat that the United States is aware of situations where individuals have, by the way of medical intervention, altered physical characteristics or parts associated with their sex.

19.     Admitted (*see* Executive Order 114168).

20.     Admitted to the extent this paragraph corresponds to the definition and discussion of the concept of "gender identity" in Executive Order 14168 (as a subjective sense of self).

21.     Admitted to the extent this paragraph corresponds to the definition and discussion of the concept of "gender identity" in Executive Order 14168 (as a subjective sense of self).

22.    Admitted.

23.    Admitted

24.    The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

25.    The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation as relevant to specific risk levels, but agrees as a general matter that the risk of male-on-female inmate rape would logically be greater in a facility where both sexes are co-mingled than in single-sex facilities (where such rape would by definition not be possible at all). The United States also agrees as a general matter with the second statement (with the caveat that such behavior would likely be against prison rules and regulations, etc.).

26.    The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation regarding the relative severity of exposure to certain things as others, but agrees as a general matter that the behavior described in this paragraph could be traumatizing.

27.    The United States is not aware of what, specific, data Plaintiffs rely upon, and therefore lacks knowledge or information sufficient to form a belief about the truth of this allegation.

28.    Admitted.

29.    The legal conclusions in Paragraph 29 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

30. The legal conclusions in Paragraph 30 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

31. The legal conclusions in Paragraph 31 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

32. The United States agrees male prisoners should not be housed in female prisons—*see* Executive Order 14168.

33. Admitted.

34. Admitted.

35. The 2022 Transgender Offender Manual allows for the housing of male inmates in women's facilities, but only pursuant to specific guidelines and does not authorize the unfettered placement of males in such facilities. To the extent the male inmates in question had been reviewed and recommended for transfer to women's institutions, the United States admits the allegations in this paragraph.

36. The 2022 Transgender Offender Manual allows for the housing of male inmates in women's facilities, but only pursuant to specific guidelines and does not authorize the unfettered placement of males in such facilities. To the extent the male inmates in question had been reviewed and recommended for transfer to women's institutions, the United States admits the allegations in this paragraph.

37. To the extent the male inmates in question had been reviewed and recommended for transfer to women's institutions, the United States admits the allegations in this paragraph.

38.     To the extent the male inmates in question had been reviewed and recommended for transfer to women's institutions, the United States admits the allegations in this paragraph.

39.     To the extent the male inmates in question had been reviewed and recommended for transfer to women's institutions, the United States admits the allegations in this paragraph.

40.     To the extent the male inmates in question had been reviewed and recommended for transfer to women's institutions, the United States admits the allegations in this paragraph.

41.     The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

42.     The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

43.     The United States agrees that in generally/average terms the average man is larger than the average woman. The level of danger would turn on various factors such as the conditions in which men are housed, etc.

44.     The United States has not reviewed the data in question and Plaintiffs' explanatory footnotes points to a previous footnote which, in turn, discusses Plaintiffs' previously filed complaint. Accordingly, the United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

45.     The United States admits FMC Carswell contains multiple housing units but denies Plaintiffs' list is exhaustive.

**Defendants' Answer to Plaintiffs' Verified Second Amended Complaint – Page 8**

46.    The United States admits the showers in the high rise have gaps between the doors but all showers in Units 1 and 2 lock.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

47.    The United States denies there is "zero privacy" in the Special Housing Unit (SHU), each SHU cell includes a curtain with plastic on the top portion to show an inmate's head and feet while obscuring their bodies while showering.  The remaining allegations are admitted.

48.    The United States admits inmates on suicide watch at FMC Carswell are housed in specific cells dedicated to that purpose. The United States denies the remaining allegations.

49.    The United States denies that biological male inmates are currently housed in the general population of any housing unit at FMC Carswell.  Since shortly after this Court's preliminary injunction entered on June 2, 2026, all biological males have been housed in a secured, segregated area within the prison.  Prior to this, the United States admits Plaintiffs were housed in housing units with biologically male inmates.

50.    Denied.  Since President Trump issued Executive Order 14168, FMC Carswell has not placed any new biological males in FMC Carswell.  After the Executive Order, the BOP prepared to remove biological male inmates from female designated facilities but was and has been enjoined from doing so in connection with various lawsuits.

51.    The United States admits or denies the following bullet points as follows:

- The United States admits Inmate Bernal-Guzman is currently designated to FMC Carswell.

- The United States admits Inmate Boone is currently designated to FMC Carswell.

- The United States admits Inmate Langan is currently designated to FMC Carswell.

- The United States denies Inmate Lawrence is currently designated to FMC Carswell. Inmate Lawrence has not been in BOP custody since May 15, 2026.

- The United States admits Inmate Shelby is currently designated to FMC Carswell.

- The United States denies Inmate Meachum is currently designated to FMC Carswell. Inmate Meachum is currently designated to FCI Williamsburg in Salters, South Carolina, a male facility.

- The United States denies Inmate Mercado Berrios is currently designated to FMC Carswell. Inmate Mercado Berrios is currently designated to a residential reentry facility.

- The United States admits Inmate Reed is currently designated to FMC Carswell.

- The United States admits Inmate Sternquist is currently designated to FMC Carswell.

52.    Admitted with the caveat that neither Plaintiff has been housed with biological males at FMC Carswell since entry of this Court's Temporary Restraining Order on November 19, 2025.

53.    The United States admits or denies the following bullet points as follows:

- Admitted.

- Admitted.

- Admitted.

- Shelby has been convicted of multiple sexual offenses in the past.  The United States lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

- Admitted.

- After court martial, Reed was convicted of attempted forcible sodomy and attempted rape, the allegations are otherwise admitted.

54.    The United States admits most of the biological male inmates at FMC Carswell retain male anatomy.  The remaining allegations are legal conclusions to which no response is required, to the extent this Court deems a response necessary, the allegations are denied.

55.    The first sentence of Paragraph 55 is denied.  Since shortly after this Court's entry of a preliminary injunction in favor of Intervenor Plaintiffs on June 2, 2026, FMC Carswell has housed all biologically male inmates in a secured, segregated area where they do not have contact with the female population. The United States lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations.

56.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

57.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

58.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

59.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

60.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

61.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

62.     The United States admits the second and third sentences of Paragraph 62. The United States denies Sternquist sexually assaulted inmate Tamarisk Trejo Matthews. Additionally, Ms. Trejo Matthews was transferred to a residential reentry center in October 2025 and remains in prerelease custody.  The United States denies any such transfer was as an alterative to investigating or disciplining Sternquist.  All other allegations are denied.

63.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to what male inmates might do or about the alleged retaliation by staff, which is denied.

64.     Denied—with the caveat that the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations about Ms. Fleming's own feelings or motivations.

65.     Denied.

66.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

67.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

68.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

69.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

70.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

71.     Since shortly after this Court's entry of a preliminary injunction in favor of Intervenor Plaintiffs on June 2, 2026, FMC Carswell has housed all biologically male inmates in a secured, segregated area where they do not have contact with the female population. The remaining substance of Paragraph 71 are legal conclusions to which a

response is not required. To the extent this Court deems a response necessary, they are denied.

72.    Since shortly after this Court's entry of a preliminary injunction in favor of Intervenor Plaintiffs on June 2, 2026, FMC Carswell has housed all biologically male inmates in a secured, segregated area where they do not have contact with the female population.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

73.    Since shortly after this Court's entry of a preliminary injunction in favor of Intervenor Plaintiffs on June 2, 2026, FMC Carswell has housed all biologically male inmates in a secured, segregated area where they do not have contact with the female population. All inmates at FMC Carswell are required by policy to change in the shower stalls or toilet areas, regardless of the presence of biological males, and are not permitted to change in the open areas. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

74.    The legal conclusions in Paragraph 74 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

75.    The legal conclusions in Paragraph 75 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.  The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

76.    The United States admits FMC Carswell is an administrative facility and is therefore capable of housing inmates of any security level at the facility.  All other allegations are denied.

77.    Since shortly after this Court's entry of a preliminary injunction in favor of Intervenor-Plaintiffs on June 2, 2026, FMC Carswell has housed all biologically male inmates in a secured, segregated area where they do not have contact with the female population.  The remaining allegations are legal conclusions which do not require a response.  To the extent this Court deems a response necessary, they are denied.

78.    The United States admits Ms. Herrera is listed in BOP systems as a Protestant Christian and admits Ms. Fleming is designated as a Messianic Jew. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

79.    The United States admits this paragraph contains an accurate quotation of the cited Bible verses. The relevance of these verses to this action is a legal conclusion which does not require a response. To the extent this Court deems a response necessary, the allegations are denied.

80.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiffs' personal beliefs. Allegations Defendants have forced them to choose between their religious beliefs and punishment, intimidation, or discipline are denied.

81.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiffs' personal beliefs. All other allegations are denied.

82.     Denied.

83.     Admitted.

84.     Admitted.

85.     The BOP is committed to implementing Executive Order No. 14168. However, injunctions in cases such as *Doe v. Bondi*, No. 1:25-CV-286-RCL (D.D.C.) and *Kingdom v. Trump*, No. 1:25-CV-691-RCL (D.D.C.) have enjoined the BOP from fully implementing the directive.

86.     The United States appealed the *Doe* Court's preliminary injunctions and the United States Court of Appeals for the District of Columbia Circuit reversed and directed the District Court to make factual determinations as to the features of each of the *Doe* Plaintiffs which made it particularly likely their transfer to male facilities would violate the Eighth Amendment. *Doe v. Blanche*, 172 F.4th 901, 905-06 (D.C. Cir. 2026). Thereafter, the District Court issued new preliminary injunctions barring the BOP from transferring any of the *Doe* Plaintiffs to men's facilities. *See e.g. Doe v. Blanche*, No. 1:25-CV-286-RCL (D.D.C. June 7, 2026) (Doc. 147). Therefore, the BOP continues to be unable to transfer the *Doe* Plaintiffs to male facilities. However, neither Plaintiff have been housed with biological males since entry of this Court's Temporary Restraining Order on November 19, 2025, and since shortly after this Court's preliminary injunction entered on June 2, 2026, all biological males have been housed in a secured, segregated

area within the prison. The remaining allegations are legal conclusions to which no response is required. To the extent this Court deems a response necessary, the allegations are denied.

87.    Denied.

88.    The legal conclusions in Paragraph 88 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

89.    Neither Plaintiff has been housed with biological males at FMC Carswell since entry of this Court's Temporary Restraining Order on November 19, 2025. Further, since shortly after this Court's preliminary injunction entered on June 2, 2026, all biological males have been housed in a secured, segregated area within the prison. The remaining allegations are legal conclusions to which a response is not required. To the extent this Court deems a response necessary, the allegations are denied.

90.    The BOP redesignated Ms. Herrera to FCI Aliceville in response to bedspace concerns, this process began in May and Ms. Herrera was identified along with over a dozen other inmates as being suitable candidates for transfer. The United States denies the remaining allegations in this paragraph.

91.    Because Ms. Herrera is an illegal immigrant, she will be removed from the United States upon satisfaction of her current sentence. Therefore, 18 U.S.C. § 3621(b) does no obligate the BOP to make any special attempt to house Ms. Herrera within 500 miles of a specific location. The remaining allegations are denied.

92. The United States lacks knowledge or information sufficient to form a belief regarding Ms. Fleming or Ms. Herrera's visibility in advocating for sex-segregated housing. The remaining allegations are denied.

93. The BOP may designate any inmate to any available penal or correctional facility that meets minimum standards of health and habitability established by the BOP. The remaining allegations are denied.

94. Denied.

95. Denied.

96. The United States lacks knowledge or information sufficient to form a belief regarding Ms. Herrera's emotional state. The remaining allegations are denied.

97. The legal conclusions in Paragraph 97 do not require a response. To the extent this Court deems a response necessary, they are denied.

98. The United States admits Ms. Fleming sent an email requesting grievance forms, but denies she indicated she was seeking forms in connection to any allegation presented in this litigation. The remaining allegations are denied.

99. Denied.

100. Denied.

101. Following an evidentiary hearing, this Court determined only that "defendants have failed at this preliminary stage to demonstrate that they are likely to prevail on their exhaustion defense," (Doc. 117 at 1)—not that the exhaustion defense had been definitively resolved against Defendants.

102.   The legal conclusions in Paragraph 102 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

103.   The legal conclusions in Paragraph 103 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

104.   The legal conclusions in Paragraph 104 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

105.   The legal conclusions in Paragraph 105 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

106.   Admitted.

107.   The legal conclusions in Paragraph 107 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

108.   The legal conclusions in Paragraph 108 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

109.   The legal conclusions in Paragraph 109 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

110.   The legal conclusions in Paragraph 110 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

111.   The legal conclusions in Paragraph 111 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

112.   The legal conclusions in Paragraph 112 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

113.    The legal conclusions in Paragraph 129 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

114.    The United States admits or denies each paragraph of Plaintiffs' causes of action as stated below:

115.    This cause of action has been resolved by the stipulated entry of a permanent injunction barring Defendants from housing either Plaintiff in the same housing unit as a biological male. Therefore, this is not a case or controversy appropriately before this Court. In addition, the legal conclusions in Paragraph 115 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

116.    This cause of action has been resolved by the stipulated entry of a permanent injunction barring Defendants from housing either Plaintiff in the same housing unit as a biological male. Therefore, this is not a case or controversy appropriately before this Court. In addition, the legal conclusions in Paragraph 116 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

117.    This cause of action has been resolved by the stipulated entry of a permanent injunction barring Defendants from housing either Plaintiff in the same housing unit as a biological male. Therefore, this is not a case or controversy appropriately before this Court. In addition, the legal conclusions in Paragraph 117 do not

require a response. To the extent this Court deems a response necessary, the allegations are denied.

118.   This cause of action has been resolved by the stipulated entry of a permanent injunction barring Defendants from housing either Plaintiff in the same housing unit as a biological male. Therefore, this is not a case or controversy appropriately before this Court. In addition, the legal conclusions in Paragraph 118 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

119.   This cause of action has been resolved by the stipulated entry of a permanent injunction barring Defendants from housing either Plaintiff in the same housing unit as a biological male. Therefore, this is not a case or controversy appropriately before this Court. In addition, the legal conclusions in Paragraph 119 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

120.   This cause of action has been resolved by the stipulated entry of a permanent injunction barring Defendants from housing either Plaintiff in the same housing unit as a biological male. Therefore, this is not a case or controversy appropriately before this Court. In addition, the legal conclusions in Paragraph 120 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

121.    This cause of action has been resolved by the stipulated entry of a permanent injunction barring Defendants from housing either Plaintiff in the same housing unit as a biological male. Therefore, this is not a case or controversy appropriately before this Court. In addition, the legal conclusions in Paragraph 121 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

122.    This cause of action has been resolved by the stipulated entry of a permanent injunction barring Defendants from housing either Plaintiff in the same housing unit as a biological male. Therefore, this is not a case or controversy appropriately before this Court. In addition, the legal conclusions in Paragraph 122 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

123.    The legal conclusions in Paragraph 123 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

124.    The United States lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' sincerity regarding religious beliefs or any obligation which may arise from those beliefs.

125.    Denied.

126.    The United States lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' sincerity regarding religious beliefs or any obligation which may arise from those beliefs.

127.   The legal conclusions in Paragraph 127 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

128.   The legal conclusions in Paragraph 128 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

129.   The legal conclusions in Paragraph 129 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

130.   The legal conclusions in Paragraph 130 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

131.   The legal conclusions in Paragraph 131 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

132.   The legal conclusions in Paragraph 132 do not require a response.  To the extent this Court deems a response necessary, the allegations are denied.

133.   This Answer is filed on behalf of the United States and official capacity defendants only. Additionally, there is currently a motion to dismiss the claims against Warden Rule pending before this Court. Accordingly, the United States cannot give any answer to the allegations in this paragraph.

134.   This Answer is filed on behalf of the United States and official capacity defendants only. Additionally, there is currently a motion to dismiss the claims against Warden Rule pending before this Court. Accordingly, the United States cannot give any answer to the allegations in this paragraph.

135.    This Answer is filed on behalf of the United States and official capacity defendants only. Additionally, there is currently a motion to dismiss the claims against Warden Rule pending before this Court. Accordingly, the United States cannot give any answer to the allegations in this paragraph.

136.    This Answer is filed on behalf of the United States and official capacity defendants only. Additionally, there is currently a motion to dismiss the claims against Warden Rule pending before this Court. Accordingly, the United States cannot give any answer to the allegations in this paragraph.

137.    This Answer is filed on behalf of the United States and official capacity defendants only. Additionally, there is currently a motion to dismiss the claims against Warden Rule pending before this Court. Accordingly, the United States cannot give any answer to the allegations in this paragraph.

138.    The legal conclusions in paragraph 138 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

     a.    The United States admits this subparagraph contains an accurate quotation of the cited statute. Its applicability to this action is a legal conclusion which does not require a response. To the extent this Court deems a response necessary, the allegations are denied.

     b.    The United States admits this subparagraph contains an accurate quotation of the cited statute. Its applicability to this action is a legal conclusion which does not require a response. To the extent this Court deems a response necessary, the allegations are denied.

c.      The United States admits this subparagraph contains an accurate quotation of the cited statute. Its applicability to this action is a legal conclusion which does not require a response. To the extent this Court deems a response necessary, the allegations are denied.

d.      The United States admits this subparagraph contains an accurate quotation of the cited statute. Its applicability to this action is a legal conclusion which does not require a response. To the extent this Court deems a response necessary, the allegations are denied.

139.    The legal conclusions in paragraph 139 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

140.    The legal conclusions in paragraph 140 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

141.    The legal conclusions in paragraph 141 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

142.    The legal conclusions in paragraph 142 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

143.    The legal conclusions in paragraph 143 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

144.    The legal conclusions in paragraph 144 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

145.    The legal conclusions in paragraph 145 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

146.    The legal conclusions in paragraph 146 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

147.    The legal conclusions in paragraph 147 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

148.    The legal conclusions in paragraph 148 do not require a response. To the extent this Court deems a response necessary, the allegations are denied.

149.    The United States agrees Ms. Herrera, or any other inmate, are generally entitled to participate in legal actions against the BOP, provided those inmates exhaust their administrative remedies and the United States is not otherwise shielded from the litigation by the Prison Litigation Reform Act (PLRA), sovereign immunity, or any other doctrine.

150.    The United States admits Ms. Herrera has been and remains designated to FCI Aliceville, in Aliceville, Alabama. The BOP has not facilitated this transfer to date because Ms. Herrera is currently subject to a medical hold. The United States denies any retaliatory motive played any role in this designation decision. The United States further denies 18 U.S.C. § 3621(b) requires or even indicates Ms. Herrera should remain at any specific facility because Ms. Herrera is an illegal immigrant and therefore has no legitimate primary residence in the United States and will be removed from this upon completion of her sentence.

151.    The legal conclusions contained in Paragraph 151 do not require a response. To the extent this Court deems a response necessary, they are denied.

152.    Denied.

**Defendants' Answer to Plaintiffs' Verified Second Amended Complaint – Page 26**

153. Denied.

154. The legal conclusions contained in Paragraph 151 do not require a response. To the extent this Court deems a response necessary, they are denied.

The relief requested section is denied. To the extent not expressly admitted herein, all allegations are denied.

Defenses

1. Plaintiffs have failed to exhaust available administrative remedies, thus barring their claims in whole or in part.

2. Any relief granted in this action must be consistent with the PLRA's limitations and requirements regarding the scope of relief in prisoner suits.

3. Plaintiff Fleming's claims are barred by the doctrines of res judicata and/or collateral estoppel to the extent they were asserted, could have been asserted, and/or were actually resolved in prior litigation filed by Fleming.

Respectfully submitted,

BRETT A. SHUMATE
ASSISTANT ATTORNEY GENERAL

RYAN RAYBOULD
UNITED STATES ATTORNEY

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Defendants United States
and the Attorney General, Director of the
Federal Bureau of Prisons, and Warden
of FMC Carswell (in their official
capacities)

Certificate of Service

On June 16, 2026, I electronically submitted the foregoing document with the

clerk of court for the U.S. District Court, Northern District of Texas, using the electronic

case filing system of the court.  I hereby certify that I have served all parties

electronically or by another manner authorized by Federal Rule of Civil Procedure

5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney

**Defendants' Answer to Plaintiffs' Verified Second Amended Complaint – Page 28**