IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING and<br>MIRIAM CRYSTAL HERRERA,<br><br>Plaintiffs,<br><br>and<br><br>ELIZABETH ANN HARDIN,<br>BRENDA LEIGH KIRK,<br>JASMINE MEABON,<br>JESSICA CLEMENCIO MORAIS, and<br>KEISHA WILLIAMS,<br><br>Intervenor-Plaintiffs,<br><br>VS.<br><br>WARDEN T. RULE, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:25-CV-0157-D<br>(Consolidated with<br>Civil Action No. 4:25-CV-0438-D) |

MEMORANDUM OPINION
AND ORDER

Plaintiffs Rhonda Fleming and Miriam Crystal Herrera move for partial summary judgment on their claims against all defendants under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA")—claims on which plaintiffs have the burden of proof. Having considered the briefs and record and heard oral argument, the court denies the motion without prejudice.

To be entitled to summary judgment on a claim for which the movant has the burden of proof, the movant "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962

(N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movant must demonstrate that there are no genuine and material fact disputes and that the movant is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

The court concludes that plaintiffs have failed at this preliminary stage to satisfy their heavy burden to establish beyond peradventure all of the essential elements of their APA claims necessary to warrant judgment in their favor. For example, they have not demonstrated beyond peradventure that the Federal Bureau of Prisons undertook the alleged adverse conduct based on 28 C.F.R. § 115.42(g).

Plaintiffs' motion for partial summary judgment is therefore denied without prejudice.

**SO ORDERED**.

August 25, 2026.

Sidney A. Fitzwater

SIDNEY A. FITZWATER
SENIOR JUDGE