**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RHONDA FLEMING and MIRIAM CRYSTAL HERRERA,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**WARDEN T. RULE, WILLIAM K. MARSHALL, III, PAMELA J. BONDI, and THE UNITED STATES OF AMERICA,**<br><br>**Defendants.** | § | **Civil Action No. 4:25-CV-0157-D**<br>**(Consolidated with**<br>**Civil Action No. 4:25-CV-0438-D)** |
| **ELIZABETH ANN HARDIN, BRENDA LEIGH KIRK, JASMINE MEABON, JESSICA CLEMENCIO MORAIS, and KEISHA WILLIAMS**<br><br>**Intervenor-Plaintiffs,**<br>**v.**<br><br>**WARDEN T. RULE, WILLIAM K. MARSHALL, III, PAMELA J. BONDI, and THE UNITED STATES OF AMERICA,**<br><br>**Defendants.** | § | |

**ENEWED PRELIMINARY INJUNCTION**

The court conducted a hearing on the March 30, 2026 motion for a preliminary injunction of intervenor-plaintiffs Elizabeth Ann Hardin, Brenda Leigh Kirk, Jasmine Meabon, Jessica Clemencio Morais, and Keisha Williams (ECF No. 152). Having considered the motion and related briefing, the evidentiary record, and the arguments of counsel, and having found that intervenor-plaintiffs have satisfied their burden of proof, the court granted the motion and entered a preliminary injunction (ECF Nos. 197 and 199).

Intervenor-plaintiffs now move for a renewed preliminary injunction providing the same relief for an additional 90 days. Having considered the new motion, related briefing, and the evidentiary record, the court finds that intervenor-plaintiffs continue to satisfy their burden.

The court again finds that the relief ordered is narrowly drawn, extends no further than necessary to correct the violations of intervenor-plaintiffs' rights, and is the least intrusive means necessary to correct those violations. In making these findings, the court has given substantial weight to any adverse impact the relief may have on public safety and the operation of the criminal justice system. The limited 90-day term preserves secure, segregated housing for the particular plaintiffs while the conditions giving rise to the court's prior findings remain unchanged, and imposes no relief beyond what is necessary to prevent the identified harms.

The court further incorporates its findings and conclusions in ECF Nos. 197 and 199.

Accordingly, it is ORDERED that intervenor-plaintiffs' motion for a renewed preliminary injunction is GRANTED.

I

A. For purposes of this preliminary injunction, the term "male inmate" means a person who is biologically male, regardless of gender identity.

B. This preliminary injunction applies to intervenor-plaintiffs and to conditions of confinement at FMC Carswell.

II

Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this preliminary injunction by personal service or otherwise are hereby enjoined as follows:

A. from housing any male inmate (meaning any inmate who is biologically male, regardless of gender identity) within the general population of any housing unit at FMC Carswell where biological females are present or will be confined during the pendency of this case; and

B. from permitting any male inmate to enter or remain in any space at FMC Carswell where biological female inmates are present, including, but not limited to, showers, restrooms, changing areas, dormitory spaces, elevators, dining areas, recreation areas, the mailroom, and other shared prison spaces, so that intervenor-plaintiffs and other female inmates are not forced to encounter male inmates while showering, toileting, dressing, sleeping, eating, recreating, receiving mail, or otherwise navigating daily prison life;

C. *provided that* nothing in this preliminary injunction prohibits defendants from (1) housing male inmates in the Special Housing Unit as may be necessary, even if female inmates are also present in the Special Housing Unit (provided that female inmates are not required to share a cell with any male inmate in the Special Housing Unit); (2) transporting male inmates to, and temporarily housing male inmates in, the hospital/medical/suicide-watch areas as may be necessary to address any bona fide medical need (provided that female inmates in such areas are not required to share a room or cell with any male inmate); or (3) facilitating legal visits for either male or female inmates in FMC Carswell's visitation room during social visitation hours for the opposite sex, provided the male and female inmates are not left unattended or in the same space, and provided the male inmates are securely escorted to such legal visits.

III

To comply with the relief granted in this preliminary injunction, it is ordered that defendants shall house male inmates in a secure, segregated area at FMC Carswell, and shall use

such separate movement, routing, scheduling, or other measures as necessary to prevent overlap between male inmates and female inmates in housing and shared spaces.

IV

The court finds that intervenor-plaintiffs are incarcerated individuals of limited means and that no monetary injury will result to defendants from this preliminary injunction. The posting of security is therefore waived under Fed. R. Civ. P. 65(c).

V

This preliminary injunction shall take effect immediately and remain in force for 90 days, or until a permanent injunction issues, in accordance with 18 U.S.C. § 3626(a)(2).

**SO ORDERED.**

August 28, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE