**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MONICA LAVELLE ROBINSON,** | § | |
| **Institutional ID No. 01115692** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-1268-O** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER OF DISMISSAL

Before the Court is a construed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Monica Lavelle Robinson, a state prisoner. Petitioner again challenges her murder conviction and life sentence in Tarrant County Cause Number 0794551. By order of dismissal and imposition of sanctions in *In re Monica Lavelle Robinson*, No. 22-10798 (5th Cir. Oct. 18, 2022), the Fifth Circuit imposed a $750 sanction and barred Petitioner from filing further challenges to her conviction or sentence in this circuit unless she first obtained permission from the forum court. Petitioner's present filing requests "permission to file" her successive habeas petition with this Court. ECF No. 1.

The Court finds that permission should not be granted because Petitioner has not satisfied the sanction order's requirements. A review of the Fifth Circuit's docket indicates that Petitioner has not paid the $750 sanction. *In re Monica Lavelle Robinson*, No. 22-10798 (5th Cir. Oct. 18, 2022). In addition, the factual allegations presented in her construed petition are essentially the same as those asserted in her prior four petitions—which were each dismissed as time barred,

successive, or an abuse of the writ.[1] And Petitioner's basis for filing a successive habeas application is frivolous; although she appears to believe her application is permissible because it arises from "a new rule of constitutional law, made retroactive . . . by the Supreme Court," 28 U.S.C. § 2244(b)(2)(A), she relies on a Texas court case that does not announce a new rule of constitutional law. ECF No. 1 at 1 (citing *Ex parte Kemmerer*, No. WR-92,567-01, 2023 WL 382318 (Tex. Crim. App. May 5, 2021) (not designated for publication)).

For the reasons discussed above, her request for leave to file is **DENIED** as barred by the Fifth Circuit sanction order, and the construed petition is **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability is **DENIED**. The Clerk of the Court is directed to transmit to Petitioner a copy of the Fifth Circuit sanction order in *In re Monica Lavelle Robinson*, No. 22-10798 (5th Cir. Oct. 18, 2022).

**SO ORDERED** on this **19th day of October, 2026.**

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *See* ECF No. 4 in *Monica Lavelle Robinson v. Lorie Davis, Director TDCJ-CID*, 4:16-cv-00644-O (N.D. Tex. Jul. 12, 2016) (discussing the dismissal of Petitioner's initial three petitions and dismissing her fourth habeas petition as an abuse of the writ).